397 A.2d 787

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas LUTZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 16, 1978.

Decided Jan. 24, 1979.

Charles B. Coleman, Reading, for appellant.

J. Michael Morrissey, Dist. Atty., Reading, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

Thomas Lutz was arrested on April 29, 1966, in New York City by federal authorities in connection with the kidnapping of Sherry Randle on April 28, 1966, in Berks County, Pennsylvania. He was convicted of various federal crimes in a Federal District Court on June 21, 1968, in connection with the kidnapping and sentenced to a term of imprisonment of six months to twenty years.[1]

On May 26, 1967, a Berks County grand jury returned a twelve-count indictment against Lutz arising out of the kidnapping incident. On May 14, 1971, Lutz plead guilty in Berks County to certain counts in this indictment. The plea was part of a plea bargain approved by the court, and, in accordance with the plea bargain, prison sentences were imposed aggregating six years and eight months to fifteen years to begin upon Lutz's release from the federal imprisonment. Also, in accordance with the plea bargain, certain counts of the indictment were dismissed. Although Lutz was advised by the court of his appellate rights, an appeal was not entered from the judgments of sentence. Throughout the plea proceedings, Lutz was represented by a member of the public defender's office [hereinafter: trial counsel]. Lutz commenced serving the foregoing sentences on July 23, 1973.

On December 19, 1973, Lutz filed a pro se petition [hereinafter: first petition] under the Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp. 1978–79) [hereinafter: PCHA]. The court appointed trial counsel to assist Lutz in this proceeding, and granted a rule

1. The record before us is not clear as to the term of the sentence. For the purposes of this opinion, we accept the statement in the Lutz brief that the sentence was as is stated.

upon the Commonwealth to show cause why a hearing should not be held. The Commonwealth filed an answer to the petition, and the court set a hearing date for February 28, 1974.

On February 28, 1974, an assistant public defender other than trial counsel [hereinafter: second counsel] entered an appearance on behalf of Lutz. Also, on that date, the hearing on the first PCHA petition was continued until March 7, 1974. On March 7, 1974, the court granted a motion by second counsel to withdraw the first PCHA petition without prejudice.

On June 26, 1974, Lutz filed a second PCHA petition [hereinafter: second petition]. The court appointed second counsel to assist Lutz and granted a rule upon the Commonwealth to show cause why a hearing should not be conducted. The Commonwealth filed an answer to the second petition, and a hearing was scheduled for September 24, 1974. On September 13, 1974, the hearing was continued until October 3, 1974. The hearing was not held on that date for reasons not clear from the record. On December 23, 1974, the court rescheduled the hearing for January 27, 1975. On that date, the hearing was conducted, and second counsel represented Lutz. Following the hearing, the court denied relief, dismissed the second petition, and advised Lutz of his right to appeal. A timely appeal was not filed.

On December 10, 1975, Lutz filed a new PCHA petition [hereinafter: third petition].[2] On February 3, 1976, the court appointed an attorney [hereinafter: third counsel] not associated with the public defender's office to assist Lutz, and granted a rule upon the Commonwealth to show cause why a hearing should not ensue.

On February 4, 1976, the court filed an order in which it stated:

"AND NOW, TO WIT: this 3d day of February, 1976, due to the illness of [second counsel], IT IS HEREBY OR-

2. The third petition, inter alia, asserted second counsel was ineffective for failing to appeal the order of January 27, 1975, denying the second petition.

DERED that [Lutz] be permitted to appeal the denial of his Post-Conviction Petition on January 27, 1975 to the Superior Court of Pennsylvania nunc pro tunc."

On February 11, 1976, second counsel filed the appeal in the Superior Court and certiorari issued. The court filed a "Memorandum for Appellate Court" on February 19, 1976, in which it stated its reasons for denying the second petition were contained in the record of the hearing held on January 27, 1975.

On March 11, 1976, the PCHA court fixed the hearing on the third petition for April 8, 1976. The Commonwealth filed its answer to the third petition on March 18, 1976. On March 19, 1976, the court canceled the hearing "as the records in said case will be in Superior Court as a result of an appeal filed in that Court by [second counsel]."

On August 20, 1976, third counsel was permitted to withdraw from representing Lutz in connection with his third petition, and the court appointed another attorney [hereinafter: fourth counsel] not associated with the public defender's office.

On October 12, 1976, the Superior Court entered a judgment of non pros in Lutz's appeal for failure to proceed. The record was returned to the Court of Common Pleas on October 27, 1976, and, the next day, the court scheduled a hearing on the third petition for November 26, 1976.

The hearing at which Lutz was represented by fourth counsel was held on the scheduled date, and, during the proceeding, the court asked second counsel:

*"Can you explain the Superior Court's action?"*

Second counsel responded:

*"No, Your Honor, I cannot."*

The court asked:

"You don't recollect anything about it?"

Second counsel replied:

"That's Correct." [Emphasis added.]

At the conclusion of the hearing, the court entered an "Order Recommending Action by Superior Court" stating that second counsel was unable to explain *his* failure to proceed with the appeal before the Superior Court, and recommending that the judgment of non pros be "rescinded" and the appeal be decided on the merits. This order was certified to the Superior Court on November 26, 1976. On November 30, 1976, the Superior Court entered an order refusing to "rescind" the judgment of non pros.

■■ The Superior Court apparently non prossed Lutz's appeal because of counsel's failure to file a written brief as required by that court's rules. The court cannot be faulted for insisting upon compliance with its rules even though second counsel was obviously ineffective in not fulfilling his responsibilities.[3] It is also apparent that the PCHA proceedings throughout have been anything but perfect and, as a result, Lutz was denied his due under the PCHA.[4]

Therefore, in the interest of justice and in the interest of advancing the efficient administration of justice (cf. *Commonwealth v. Smith,* 478 Pa. 76, 385 A.2d 1320 (1978)), we will vacate the orders of the Superior Court and all orders entered in the trial court in the PCHA proceedings and remand the matter to the trial court for the appointment of counsel not associated with the public defender's office to assist Lutz in filing a new PCHA petition which is to be considered his first such petition. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

**3.** The ineffectiveness of second counsel has never been litigated and neither has it been waived. It was raised by fourth counsel in the third PCHA petition (the earliest possible time), and this petition has still not been disposed of by the PCHA court. See PCHA, §§ 3 and 4, 19 P.S. §§ 1180–3 and 4 (Supp.1978–79).

**4.** In his second PCHA petition (the first petition was dismissed without prejudice and is now of no moment), Lutz charged his trial counsel, a member of the public defender's office, with ineffectiveness; yet, the counsel appointed by the court to represent Lutz in the prosecution of this ineffectiveness claim was from the same office as trial counsel. This is not permitted. Cf. *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974).

■ One observation is warranted. Throughout the PCHA proceedings, Lutz has attempted to raise claims of double jeopardy and of a speedy trial violation. These claims have been advanced as substantive grounds for relief. Absent extraordinary circumstances justifying the failure to raise them pretrial and on direct appeal from the judgments of sentence, they are waived. PCHA §§ 3 and 4, 19 P.S. §§ 1180–3 and 4 (Supp.1978–79); *Commonwealth v. LaSane,* 479 Pa. 629, 389 A.2d 48 (1978). Because of this and because second counsel, who advised Lutz in the preparation of his second petition, could not be expected to advise him of trial counsel's inadequacies, on remand Lutz should be allowed to raise, in addition to any other issues he may seek to advance, the failure of trial counsel to raise these claims as grounds to support his claim of ineffective assistance of trial counsel.

It is so ordered.

O'BRIEN, J., did not participate in the consideration or decision of this case.

POMEROY, former J., did not participate in the decision of this case.