452 A.2d 766

**COMMONWEALTH of Pennsylvania**

v.

**Daniel DELKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1982.

Filed Nov. 12, 1982.

---

2. Ringel, *Searches and Seizures, Arrests and Confessions* (2d ed. 1981), 12.5(c).

362

Lewis J. Bott, Assistant Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

This is an appeal from the denial of Appellant's petition filed pursuant to the Post Conviction Hearing Act [1] (PCHA). Appellant, while represented by the Public Defender's Office, was found guilty by a jury of assault with intent to kill, assault by a prisoner, aggravated assault and battery and assault and battery. Following the denial of post-verdict motions, Appellant was sentenced, which judgment of sentence was affirmed per curiam by the Superior Court. *Commonwealth v. Delker,* 233 Pa.Super. 704, 338 A.2d 176 (1975). Appellant thereafter filed a PCHA petition alleging, inter

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.,* 19 P.S. § 1180–1 *et seq.*

alia, ineffective assistance of counsel. The trial court appointed the same Public Defender's Office to represent Appellant on his PCHA petition as had represented Appellant at trial. The Public Defender's Office then filed a motion to withdraw as counsel and for appointment of new counsel because of the conflict of interest arising from Appellant's allegation of ineffective assistance of trial counsel. The trial court denied the motion for withdrawal as counsel and on May 12, 1981, denied the PCHA petition, after a hearing. This appeal followed.

We find the instant situation to be nearly identical to that in *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977), where the court stated:

> A PCHA petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the same office as the allegedly ineffective attorney, regardless of the fact that one started working there after the other left. The later attorney, by reason of his association with the same office, still has an appearance of a conflict of interest threatening his duty of zealous advocacy.

*Id.*, 473 Pa. at 398, 374 A.2d at 1273. *See also, Commonwealth v. Willis*, 492 Pa. 310, 424 A.2d 876 (1981).

We therefore remand this case for appointment of counsel other than a public defender. Do not retain jurisdiction.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I dissent and would affirm the Order of the court below.

The public defender who was the defendant's trial counsel represented the defendant eight years prior to the instant proceeding. That attorney voluntarily retired from the Public Defender's Office six years prior to this proceeding and has not been remotely connected with that office since that time. Such a lengthy absence should eliminate any appearance of impropriety of a present member of the public defender's office arguing ineffectiveness of counsel on appeal.

Perhaps each judicial district in Pennsylvania should have two separate public defender's offices which are totally distinct from one another. Then an attorney from Public Defender's Office I could represent indigent criminal defendants at trial and one from Public Defender's Office II could represent indigent defendants on appeal when they allege ineffective assistance of the Public Defender's Office I trial counsel. Of course, the cost of all this would be done at the taxpayer's expense. I believe that the majority goes too far in protecting a defendant's rights against a non-existent conflict. I would hold that no conflict of interest exists in the instant case.