457 A.2d 541

**COMMONWEALTH of Pennsylvania**

v.

**Philip James HUGHES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1982.

Filed March 11, 1983.

156

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and ROWLEY, JJ.

CERCONE, President Judge:

Appellant, Philip James Hughes, takes this appeal from the order of the lower court dismissing without a hearing appellant's petition under the Post Conviction Hearing Act (PCHA). For the reasons set forth below, we hereby reverse and remand for a hearing.

In his PCHA petition, appellant alleges that he was arrested on August 20, 1975 and charged with two counts of possession with intent to deliver (heroin and cocaine) and with carrying firearms. For purposes of Pa.R.Crim.Pro. 1100, the initial rundate was February 16, 1976. The record shows that appellant's case was originally scheduled for trial on January 19, 1976, but the case was continued to February; a notation on the docket, dated January 23, 1976, says only that a petition for extension of time was granted. The docket does not reveal who requested this continuance or who was present. On February 6, 1976, the case was again continued; as before, the docket gives no other information regarding the continuance and, in fact, does not even list a new trial date.

The next docket entry was made on March 11, 1976. This entry reads: "Waived Rule 1100 (180 days) in open court. Case continued until April Term 1976". The transcript, which consists of only one page, does not indicate the presence of appellant. Rather, the record reflects that appellant was at that time in Huntingdon Prison. Appellant's case vis-a-vis Rule 1100, was not in any meaningful sense discussed at this hearing. The Commonwealth recited that it was ready to proceed on March 9, 1976 but that defense counsel would on that date be unavailable because he was scheduled to try another case. Defense counsel then related that since appellant was in Huntingdon Prison, counsel was requesting a continuance to the April term. The court granted the continuance.

The next notation on the docket was made on April 8, 1976 and, once again, the record only says that the 180 day rule was waived and the case continued. The same "waiver" was again noted on the docket on May 28, 1976. Next, several more continuances, although without waivers, were noted on the docket. Appellant was ultimately brought to trial on September 22, 1976, 399 days after the filing of the complaint, and convicted. Appellant's case was appealed by an attorney from the public defender's office, and the conviction was affirmed.

A petition for allocatur was filed with the Supreme Court. During the pendency of this petition, appellant filed his first PCHA petition, which was denied because of the outstanding allocatur petition. When allocatur was denied, appellant filed the herewithin PCHA petition. Counsel from the public defender's office was appointed to represent appellant in this matter. Counsel properly raised the alleged ineffectiveness of both trial and appellate counsel for failing to raise the Rule 1100 issue. As was indicated, the lower court dismissed without a hearing this PCHA petition.

At the outset, we note that the section 1180–9 of the PCHA specifically sets forth the situation upon which a hearing may be granted or denied. In relevant part, the statute provides:

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

In interpreting this section, this Court has said that while the right to an evidentiary hearing is not absolute, unless the court is certain of the total lack of merit of an issue raised in a PCHA petition, a hearing should be held on the issue. *Commonwealth v. Rhodes*, 272 Pa.Superior Ct. 546, 416 A.2d 1031 (1979). More to the point of the instant matter, it has been held that if a PCHA petitioner alleges facts which would establish that counsel failed to raise an issue of arguable merit and that no reasonable basis existed for counsel's failure to raise such issue, then petitioner should have been granted a hearing on such issue. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

From the face of appellant's petition, it appears that appellant has raised an issue of arguable merit. Appellant

was not tried until 399 days had elapsed from the time of his arrest. Although the record shows that numerous continuances were granted, the record does not show, with two exceptions, at whose behest these continuances were attained.* Neither does the record show that at any time the Commonwealth applied for an extention under Rule 1100(c) and proved that trial could not be commenced within the prescribed period despite due diligence. Furthermore, the fact that several of the docket entries assert that Rule 1100 was waived does not change our position. As the Supreme Court said in *Commonwealth v. Myrick*, 468 Pa. 155, 160, 360 A.2d 598, 600 (1976):

> As long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity. *Absent this record indication of validity, the waiver will be ineffective.* (emphasis added).

There are no formal requirements for a valid waiver of Rule 1100 but the Supreme Court has specifically said that either a colloquy or a signed statement in the record would be sufficient indication that the waiver was, prima facie, informed and voluntary. *Id.*, 468 Pa. at 161, 360 at 601. *See also Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981). In appellant's case, we have neither. It therefore appears that appellant has "allege[d] facts that if proven would entitle [appellant] to relief." The Post Conviction Hearing Act, *supra*, 19 P.S. § 1180–9. Under the PCHA, appellant is therefore entitled to a hearing, and we accordingly remand for a hearing.

■ Furthermore, we note that although the PCHA court did take steps toward protecting appellant's right to counsel under the Act by appointing a public defender to assist appellant with his petition, nevertheless, on remand new

---

* The two exceptions include the continuance granted to defense counsel on March 11, 1976 and another continuance granted to defense counsel on July 20, 1976. However, we have no such information regarding the remaining five continuances. Furthermore, both of these continuances granted to defense counsel occurred after the apparent rundate of February 16, 1976.

counsel not associated with the public defender's office must be appointed, since appellate counsel and PCHA counsel were both from the public defender's office. The Supreme Court has ruled in numerous cases that a PCHA petitioner may not be represented by an attorney from the same public defender's office as the allegedly ineffective attorney owing to the "appearance of a conflict of interest threatening [PCHA counsel's] duty of zealous advocacy." *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). *See also Commonwealth v. Lutz*, 483 Pa. 518, 397 A.2d 787 (1979); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). Accordingly, we rule that on remand new counsel not associated with the public defender's office must be appointed.

Case remanded for a hearing and for appointment of new counsel not associated with the public defender's office. This court does not retain jurisdiction.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I find no merit in appellant's Post Conviction Hearing Act petition. Accordingly, I would hold that it was properly denied without a hearing.