463 A.2d 1152

**COMMONWEALTH of Pennsylvania**

v.

**Evangeline KING, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1983.
Filed July 29, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, JOHNSON and MONTEMURO, JJ.

JOHNSON, Judge:

Evangeline King, appellant, was found guilty of simple assault following a non-jury trial before the Honorable Victor J. DiNubile on July 7, 1981 and immediately sentenced to six months non-reporting probation.

Post-trial motions were filed, *nunc pro tunc*, on August 10, 1981 alleging (1) the Commonwealth's petition to extend under Pa.R.Crim.P. 1100 was improperly granted, and (2) the insufficiency of the evidence to establish the offense of simple assault. The motions were denied on December 16, 1981, appellant was again sentenced to six months non-reporting probation and this appeal followed.

Appellant now renews her Rule 1100 claim, and, additionally, contends that (a) her jury waiver colloquy was inadequate and (b) trial counsel was ineffective for failing to preserve the jury waiver claim.

As to the Rule 1100 claim, we have examined the briefs of the parties, and the certified record including the Notes of Testimony dated July 7, 1981 involving the Commonwealth's petition to extend and we find the claim to be without merit. The opinion of Judge DiNubile adequately addresses and

disposes of this issue, and we accept his disposition of the Rule 1100 issue for purposes of allocatur.

· With respect to the jury trial waiver claim, we note initially that the substantive challenge to the colloquy was not presented to the trial court and would be waived, but for the ineffectiveness claim. *Cf. Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978). Also, the Commonwealth concedes that the colloquy was inadequate. *See Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973).

■ Nevertheless, the ineffectiveness of trial counsel is only established when the substantive claim has arguable merit *and* it is determined that trial counsel had no reasonable basis, designed to advance defendant's interest, for counsel's failure to raise the issue. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

We note from the record that the incident here involved was characterized as a "scuffle" by the victim and a "fight" by the defendant. On January 2, 1981, the victim alighted from a bus at the corner of 22nd and Cambria in the city of Philadelphia. The defendant crossed the street and some words were exchanged between the two women. The victim testified that she had previously worked at a restaurant with the defendant, and had known her for about a year prior to the incident. During the fight, the victim was bitten on her finger and scratched below her left eye and received outpatient treatment at Temple Hospital.

The defendant testified that the victim approached her, began getting loud with the defendant, and cursed her. A fight ensued, the victim dropped a plastic bag containing shoes and some cosmetics, and after the victim left the scene, the defendant picked up the plastic bag and departed. The same evening, the defendant turned herself in to the police and returned the victim's bag to the receiving detective.

At trial, the defendant did not deny having struck the victim or that a fight took place. The jury trial waiver

colloquy consists of four pages of transcript, the testimony of the victim (including cross-examination) thirteen pages, and the testimony of the defendant (including cross-examination) six pages. The only witnesses who were present at trial and testified were the victim and the defendant. Credibility has not been raised as an issue in this case. Although the defendant was tried on charges of robbery, theft by receiving stolen property, theft by unlawful taking, and simple assault, she was acquitted on all charges except simple assault. The trial court terminated the probation on December 16, 1981 at the time of the denial of post-trial motions.

Finally, we note that the distinguished trial judge observed, at the conclusion of the very brief trial:

... [T]his is not the kind of case that really we have the time to develop in court. It is something the two of you—you are good citizens, there is no question about it—you should not take the time of this Court on this matter. Unfortunately, we don't have the time; and people, like yourselves, adults, reasonable people, should be able to settle this thing by yourselves.

Notes of Testimony, July 7, 1981, pp. 27–28.

■ The appellant now seeks a new trial due to the admittedly deficient jury waiver colloquy. But as the Commonwealth points out, correctly, we believe, the appellant fails to allege any facts which, if proven, show that no reasonable basis existed for trial counsel's failure to contest the faulty jury waiver colloquy.

■ Appellant has dropped her claim of insufficiency of the evidence on this appeal, and our perusal of the record provides ample reason to understand why. A finding of ineffectiveness cannot be made unless we can conclude that the alternative *not* chosen—insisting on an adequate waiver colloquy or petitioning to withdraw the jury waiver—offered a potential for success substantially greater than the tactics actually utilized. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 604–605, 235 A.2d at 352–53.

Appellant's current counsel offers nothing more than the admitted deficiency of the colloquy. Without more, and on these particular facts, we will not conclude that trial counsel was ineffective in failing to argue the defective jury waiver colloquy on post-trial motions. *Cf. Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981).

Since we are able to conclude that the claim of ineffectiveness lacks merit under any circumstances, we affirm the judgment of sentence, without remand, even though appellate counsel and trial counsel are both representatives of the Defender Association of Philadelphia. *See Commonwealth v. Bossick*, 305 Pa.Super. 196, 451 A.2d 489 (1982).

Judgment of sentence affirmed.