486 A.2d 1349

**COMMONWEALTH of Pennsylvania**

v.

**Dominic SERIANNI, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1984.

Filed Dec. 19, 1984.

Petition for Allowance of Appeal Denied July 24, 1985.

Maurino J. Rossanese, Jr., Norristown, appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, appellee.

Before SPAETH, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, TAMILIA and JOHNSON, JJ.

CAVANAUGH, Judge:

This appeal is from judgment of sentence entered against appellant, Dominic Serianni, in the Court of Common Pleas of Montgomery County. In a bifurcated proceeding pursuant to the provisions of the Mental Health Procedures Act,[1] appellant was determined by a jury first to be sane, and then to be guilty of murder in the third degree,[2] possession of instruments of crime,[3] and violation of the Pennsylvania

1. Act of July 9, 1976, P.L. 817, No. 143, § 404, 50 P.S. § 7404 (Supp. 1984).

2. 18 Pa.C.S. § 2502(c).

3. 18 Pa.C.S. § 907.

Uniform Firearms Act.[4]  Post-trial motions on both aspects of the trial were filed and denied, and appellant was sentenced to ten to twenty years confinement at Farview State Hospital.  A direct appeal to this Court followed in which appellant continues to be represented by trial counsel.  The issues raised were briefed and argued before a three judge panel, and, thereafter, both parties were ordered to submit supplementary briefs and further argument was heard by the court *en banc.*

Appellant contends that the lower court erred in denying his motions (1) to dismiss pursuant to Pa.R.Crim.P. 1100, relating to speedy trial; and (2) to suppress certain evidence.[5]  Neither of these issues were addressed on their merits by the lower court because appellant failed to include them in post-verdict motions, as required by Pa.R.Crim.P. 1123, and consequently the lower court correctly held them to be waived.  *See Commonwealth v. Anderson,* 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Middleton,* 320 Pa.Super. 533, 467 A.2d 841 (1983).  Appellant, however, still represented by trial counsel, seeks to pursue these issues now, arguing that they were waived through counsel's own ineffectiveness.[6]  Appellant further argues that reversible error is apparent on the record and therefore we may reach the merits and reverse without the usual requirement of a remand for appointment of new counsel.  Appellee likewise would have us reach the merits of these issues contending that it is apparent from the record that they are without merit and, therefore, may be immediately resolved in favor of the Commonwealth.  We are thus confronted with the threshold question whether and to what extent we may immediately consider counsel's self-proclaimed ineffectiveness without remand for appointment of new counsel.

4.  18 Pa.C.S. § 6106.

5.  We have thoroughly reviewed the record, briefs and arguments, and find that other issues raised by appellant have been thoroughly addressed and correctly decided in the opinion of the lower court.

6.  Counsel for appellant states that these issues were omitted from post-verdict motions through simple neglect.

In the leading case of *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978), one of two co-counsel at trial also represented appellant in his PCHA[7] application, wherein appellant alleged ineffectiveness of the other co-counsel at trial. Our Supreme Court remanded the matter to the lower court for appointment of new, independent counsel to assist appellant in his pursuit of post-conviction relief. In its unanimous opinion, the Supreme Court set forth the following exception and general rule:

> While this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record before us, we will not reject such a claim without a remand for appointment of new counsel.

*Commonwealth v. Fox, supra,* 476 Pa. at 479, 383 A.2d at 201.

This rule, that a self-made claim of ineffectiveness will not be rejected without remand for appointment of new counsel, results from the application of settled principles of law to the situation. First, the court reasoned that it is unrealistic to expect trial counsel to argue his or her own ineffectiveness, and that to do so threatens a criminal defendant's right to representation by effective counsel. Therefore, in the normal case, appointment of new, independent counsel is required. Second, as a matter of judicial economy, new counsel should be appointed before any consideration of the merits, so that all possible claims may be presented at once and in the first instance to the lower court. The Supreme Court's concern was not only that the particular claim raised be zealously argued, but also that any other potential claims, which might have been overlooked by self-serving counsel, would be raised and decided at the same time. *Commonwealth v. Fox, supra,* 476 Pa. at 479 & n. 4, 383 A.2d at 200 & n. 4.

The limited exception to the general rule requiring appointment of independent counsel occurs where *reversible error* is apparent from the record. In such a case the

7. Post Conviction Hearing Act, 42 Pa.C.S. § 9541, *et seq.*

reviewing court may reach the merits of the claim and reverse. This limited exception is allowed because it is consistent with the principles underlying the general rule. First, appellant's right to effective counsel is not impaired because regardless of how many additional reasons for reversal a more zealous advocate might bring out the result would be the same: reversal. Second, judicial economy is promoted since the appeal may be disposed of without the further procedural steps required for appointment of new counsel.

It is sufficient for our purposes here simply to note that we have thoroughly reviewed the record and arguments of counsel, and conclude that reversible error is *not* apparent from this record. Therefore, following the above-stated general rule of *Fox,* remand for appointment of new counsel would be required. However, it is argued by appellee that notwithstanding *Fox*'s general statement, where it is apparent from the record that a self-made claim of ineffectiveness is *without merit,* we should immediately reach and dispose of that claim. In support of that position, appellee cites the recent case of *Commonwealth v. Bossick,* 305 Pa.Super. 196, 451 A.2d 489 (1982).

Appellee is correct in citing *Commonwealth v. Bossick, supra,* because in that case a panel of our Court did indeed expand the exception in *Fox* so as to allow us to dispose of a self made claim of ineffectiveness where it is apparent from the record that the claim is meritless. However, in our view, this expansion of the exception in *Fox* is in error because it conflicts with the principles underlying both the *rule* and the *exception* in *Fox.* First, *Bossick* appears to assume that self-proclaimed ineffectiveness arises from *overzealous* advocacy which, consequently, insures that at least the particular issue raised has been more-than-adequately argued.[8] Experience, however, shows that to the

---

**8.** In its discussion of self-proclaimed ineffectiveness, the *Bossick* panel stated:

> Surely, however, sound practice does not require a remand to the Common Pleas Court for an appointment of counsel and further hearing in those cases where *the most intense display of zeal and*

contrary we cannot rely on counsel to be a zealous propo-
nent of his or her own ineffectiveness. This principle has
found expression in a long line of controlling cases in this
jurisdiction. *See, e.g., Commonwealth v. Lutz,* 483 Pa. 518,
397 A.2d 787 (1979); *Commonwealth v. Wright,* 473 Pa.
395, 374 A.2d 1272 (1977); *Commonwealth v. Via,* 455 Pa.
373, 316 A.2d 895 (1974); *Commonwealth v. Hughes,* 311
Pa.Super. 155, 457 A.2d 541 (1983); *Commonwealth v.
Delker,* 306 Pa.Super. 361, 452 A.2d 766 (1982). Second,
judicial economy is not served. As the *Bossick* panel itself
pointed out, disposing of the particular claim raised "does
not preclude appellant from the initiation through new
counsel of proceedings under the Post-Conviction Hearing
Act...." *Commonwealth v. Bossick, supra,* 305 Pa.Super.
at 204, 451 A.2d at 493. The *Bossick* panel, however,
concluded that at least the particular claim raised would be
eliminated. Yet this conclusion must be founded on the
above-stated assumption that the self-made claim has been
zealously argued, an assumption which in our view cannot
be made.[9]

> *fervor by the most persuasive of counsel* cannot project ineffective-
> ness of arguable merit; ...
> *Commonwealth v. Bossick, supra,* 305 Pa.Super. at 202, 451 A.2d at 492
> (emphasis added).

9. The dissent seeks support from *Commonwealth v. Silver,* 499 Pa.
228, 452 A.2d 1328 (1982), where a bare majority appears to have
reached and found meritless a self-made claim of ineffectiveness.
However, *Silver* also emphasizes the rule of *Fox* by stating that:

> when an appellant raising the ineffective assistance of trial coun-
> sel is represented on appeal by the same counsel, the case must be
> remanded for the appointment of new counsel not associated with
> trial counsel except where ineffective assistance is clear on the face
> of the record. *Commonwealth v. Gardner,* 480 Pa. 7, 389 A.2d 58
> (1978); *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978);
> *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Common-
> wealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth
> v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1977). In such circumstances
> it cannot be assumed that appellate counsel will provide the zealous
> advocacy to which the appellant is entitled. *Commonwealth v.
> Gardner, supra; Commonwealth v. Patrick, supra; Commonwealth
> v. Fox, supra.*

*Commonwealth v. Silver, supra,* 499 Pa. at 240–241, 452 A.2d at 1334.
Since the majority in *Silver* did not articulate its reasons for reaching
the ineffectiveness question, but rather cited *Fox* as controlling we

■ For the foregoing reasons we reaffirm the rule of *Fox* and hold that where counsel argues his own ineffectiveness, unless reversible error is apparent from the record, the case must be remanded for the appointment of new, independent counsel. We, therefore, specifically overrule the contrary holding of *Commonwealth v. Bossick, supra.*

The record is remanded for appointment of new counsel to represent appellant. Jurisdiction is relinquished.

ROWLEY, J. filed dissenting opinion in which McEWEN and TAMILIA, JJ., joined.

McEWEN, J., filed dissenting opinion in which ROWLEY and TAMILIA, JJ., joined.

TAMILIA, J., filed dissenting opinion in which ROWLEY and McEWEN, JJ., joined.

ROWLEY, Judge, dissenting:

I join in Judge McEwen's and Judge Tamilia's dissenting opinions. Were it not for the Supreme Court's decision in *Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982), however, I would feel compelled, on the basis of *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978), to join the majority. I write only to emphasize that my analysis of *Commonwealth v. Silver* convinces me that a remand is not necessary in this case.

In *Commonwealth v. Silver, supra,* the appellant claimed that an allegedly improper communication between an officer of the court and some of the jurors during jury deliberation entitled him to a new trial. The Supreme Court held that appellant's counsel, who was also trial counsel, had not preserved this claim for appellate review. The argument was then made that counsel had been constitutionally ineffective for failing to preserve the jury communication issue. A four justice majority of the Supreme Court held that it would "consider the merits of the jury issue in

should not assume that it was intended to abandon *Fox*'s clearly stated rule.

order to evaluate the ineffectiveness claim." The Court said:

> We must next consider whether the waiver of the jury claim amounted to ineffective assistance of counsel. In general, when an appellant raising the ineffective assistance of trial counsel is represented on appeal by the same counsel, the case must be remanded for the appointment of new counsel not associated with trial counsel except where ineffective assistance is clear on the face of the record. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). In such circumstances it cannot be assumed that appellate counsel will provide the zealous advocacy to which the appellant is entitled. *Commonwealth v. Gardner, supra; Commonwealth v. Patrick, supra; Commonwealth v. Fox, supra.* The instant record does not clearly establish that trial counsel did not have a reasonable basis for failing to preserve the claim in question. It is well established, however, that trial counsel is not ineffective in failing to preserve a meritless claim. *Commonwealth v. Tarver*, 491 Pa. 253, 420 A.2d 438 (1980); *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477 (1980); *Commonwealth v. Yocham*, 473 Pa. 445, 375 A.2d 325 (1977); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). We shall therefore consider the merits of the jury issue in order to evaluate the ineffectiveness claim. 499 Pa. at 240, 452 A.2d at 1334.

It is interesting to note that Mr. Justice Roberts, the author of the opinion in *Commonwealth v. Fox*, joined the majority in *Commonwealth v. Silver*. It is also interesting to note that the dissent in *Commonwealth v. Silver* does not discuss this issue at all, being limited solely to an unrelated question. Thus, reading *Fox* and *Silver* together, which in my opinion we are required to do, the general rule is that when appellate counsel asserts his own ineffectiveness as

trial counsel the case should be remanded for appointment of new counsel except where (1) counsel's ineffectiveness is clear on the face of the record or (2) *where it is clear that the alleged claim of ineffectiveness has no merit.* On the other hand, where counsel's ineffectiveness is not clear on the face of the record and the asserted claim of ineffectiveness has arguable merit, the case must be remanded for appointment of new counsel and a hearing to determine whether or not there was a reasonable basis for counsel's action. Where, however, the alleged ineffectiveness consists solely of failing to preserve an issue for appellate review and that issue has been in fact litigated in the trial court and considered on its merits by the trial court, the appellate court may and should, without remanding the case, determine whether or not there is any arguable merit to the claim asserted.

In *Silver*, a post-verdict colloquy was held by the court with the jury in the absence of counsel. At a subsequent hearing on post-verdict motions, appellant's counsel did not have the transcript of the court's colloquy with the jury. As the Court pointed out in *Silver*, "[w]ithout knowledge of what had taken place during the colloquy, defense counsel then made an oral motion asserting that the trial court had erred in not declaring a mistrial after the colloquy." The Supreme Court, however, in reviewing the record determined that counsel's representation did not constitute ineffectiveness because the record showed that the trial court's finding that there had been no prejudicial communication was supported by the record. The claim was, therefore, determined to be without merit and the Court held that counsel had not been ineffective for failing to preserve the issue.

In the case presently before us, there is an even clearer showing that the claim of ineffectiveness lacks merit. There is no suggestion that counsel at any time proceeded "without knowledge of what had taken place" concerning either of the issues raised here. Therefore, I conclude that this case is controlled by *Commonwealth v. Silver*, and that *Commonwealth v. Fox* does not mandate a remand.

The claims made in this case are that counsel was ineffective for failing to preserve, in post-trial motions, (1) appellant's Rule 1100 claim and (2) appellant's suppression issue. The suppression motion was litigated and adjudicated by the trial court prior to trial. The record of that proceeding is before us at this time. Likewise, the record before us is complete regarding the pre-trial proceedings, including appellant's waivers, both written and oral, relative to the Rule 1100 issue. Thus, a determination of these claims is both possible and appropriate.

If this case is remanded to the trial court for the appointment of new counsel and new counsel then raises the same two claims of ineffectiveness, the case will be returned to us on the basis of the same record we now have. The present record on those two issues cannot be added to or subtracted from. Moreover, there is no claim that counsel was ineffective in *litigating* these two issues. The *only* claim is that he was ineffective for failing to include the two issues in post-trial motions. Thus, at least insofar as these two claims are concerned, we will have the same record and the same arguments again at a later date for disposition. Since these claims have already been presented (although not preserved) in the trial court and now to this Court, I see no need to return the matter for further proceedings that, in my opinion, will ultimately return to us the same identical questions and issues on the same record some months or years in the future. In my opinion, the matter can, and should, be appropriately decided now.

It is argued, however, that new counsel *may* discover additional claims of ineffectiveness which can be raised. He may or he may not, but the fact that he *may* find additional claims to raise, for which there is an adequate remedy in another proceeding, does not necessitate further delay in disposing of the issues presently before us when the answer is clear on the present record. Our decision now on these issues will not foreclose or impair appellant's opportunity to raise any additional ineffectiveness claims that *may* occur to him or other counsel in the future.

Such an approach would be consistent, not only with *Commonwealth v. Silver, supra,* but also with the decision of the Supreme Court in *Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984), where, although appellate counsel was different than trial counsel, the Court emphasized that where allegations of ineffectiveness have no arguable merit an evidentiary hearing is unnecessary and such allegations should be rejected and dismissed without remand for further hearing.

Thus, I am of the opinion that there is no necessity to remand this case for appointment of new counsel and further proceedings for the reason that the claims now asserted as the basis of counsel's alleged ineffectiveness have no arguable merit.

McEWEN and TAMILIA, JJ., join in this dissenting opinion.

McEWEN, Judge, dissenting:

The depth of my respect for the view of the majority is exceeded only by my concern over the disparity between the language and intent of the opinion in *Commonwealth v. Bossick,* 305 Pa.Super. 196, 451 A.2d 489 (1982), and the conclusions concerning *Bossick* reached by the majority. Whatever error *Bossick* may be said to represent, such error was not occasioned by an assumption "that self proclaimed ineffectiveness arises from *overzealous* advocacy...." First, the opinion in *Bossick* observed that self proclaimed ineffectiveness may be triggered by contrivance as well as by overzealous advocacy. Second, the partial sentence cited by the majority in support of its conclusion does not even arguably focus upon the nature of the advocacy; rather, the cited lines clearly refer solely to those claims of ineffectiveness that so lack merit that no counsel, however well retained or carefully appointed, could project as arguably valid. Third, both the uncited remainder of the sentence as well as the paragraph of which it is a part make clear that our initial inquiry and fundamental concentration must be upon the claimed ineffectiveness itself.

The Pennsylvania Supreme Court in *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978), expressed a quite pragmatic reservation concerning the zeal of counsel in projecting his or her own ineffectiveness. This Court in *Bossick* relied upon that same common sense to declare that some claims of ineffectiveness, whether presented by trial counsel who is affected by the *Fox* inhibition or by a new advocate of magnificent skills, are so groundless that no advocate, however zealous, could breath life into them. If an assumption is to be found in *Bossick*, it would be that the members of this Court have sufficient perception to recognize a clearly baseless claim and will so conclude only when able to do so without hesitation:

> Just as appellate study of a record in some cases may permit only a conclusion that the error is overwhelming and thereby reversible, so appellate study in other cases may well only permit of a conclusion that the claim of error lacks merit under any circumstances.

*Commonwealth v. Bossick, supra* 305 Pa.Super. at 203, 451 A.2d at 492 (footnote omitted). *See and compare Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984).

Moreover, regardless of the efficacy of *Bossick*, I remain convinced that neither reason nor holdings of our Supreme Court require that the instant case be remanded for the appointment of new counsel.

The Supreme Court observed in *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982), that *"[i]n general, when an appellant raising the ineffective assistance of trial counsel is represented on appeal by the same counsel, the case must be remanded for the appointment of new counsel not associated with trial counsel except where ineffective assistance is clear on the face of the record." Id.*, 499 Pa. at 240, 452 A.2d at 1334 (emphasis supplied). The appellant in *Silver* had alleged ineffective assistance at trial on the part of his present counsel. The Court did not vacate the judgment of sentence and remand for the appointment of new counsel. Rather, the Court noted that the record did

*not* evidence reversible error on its face and that, *therefore,* a consideration of the underlying merits of the claim was required "in order to evaluate the ineffectiveness claim." *Id.,* 499 Pa. at 241, 452 A.2d at 1334 (emphasis supplied). The Supreme Court *proceeded* to a consideration of the alleged ineffectiveness and concluded that as the allegation of prejudice was without merit, "trial counsel was not ineffective in failing to preserve it." [1] *Id.,* 499 Pa. at 242, 452 A.2d at 1335.

It is readily apparent to me that both of the alleged instances of ineffectiveness urged upon us by appellant are totally devoid of merit. Moreover, such patently meritless claims will not suddenly be transformed into claims entitling appellant to relief if argued on appeal by new counsel, no matter how brilliant or articulate the presentation.

Judicial economy would best be served by here and now reviewing and disposing of all of the ineffectiveness claims presently before this Court. The majority seems to suggest that by reviewing all the claims raised in the instant appeal, we would in some way be depriving appellant of an opportunity to have the *entire* trial record scrutinized by a new lawyer so as to enable new counsel to discover and develop additional claims of ineffectiveness. That suggestion finds reason seduced by scruple since it overlooks the fact that the vast majority of defendants who argue appeals before this Court have not had the entire records in their cases reviewed in order to unearth possible claims of ineffective assistance of trial counsel. Such claims, moreover, may be brought with great ease before this Court via any number of subsequent PCHA petitions. Thus, I fail to see how judicial economy will be served by refusing to review the two claims of ineffective assistance presented by appellant and holding them patently meritless.

ROWLEY and TAMILIA, JJ., join in this dissenting opinion.

---

1. The dissent, authored by Justice Nix, joined by Justices Flaherty and Hutchinson, was not based upon the majority's disposition of the appellant's ineffectiveness claim.

322

TAMILIA, Judge, dissenting:

I respectfully dissent. My objection to the majority's disposition in this case is that by overruling *Commonwealth v. Bossick*, 305 Pa.Super. 196, 451 A.2d 489 (1982), our mandate to reconcile this decision with the holding in *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978), has been effectively sidestepped in a way which serves only to exacerbate the negative effects of these decisions while failing to promote either the public (judicial economy) or private (rights of the defendant) interests on behalf of which resolution was sought.[1] This is true because although *Fox* and *Bossick* seem to present conflicting solutions to the problem of self-proclaimed ineffectiveness of trial counsel, the conflict is in reality superficial.

The context of the apparent dissonance is one in which the claim of ineffective assistance of counsel on appeal is advanced by the same attorney or an associate of the same attorney who acted as trial counsel. *Fox* allows the examination by the appellate courts of such claims only if reversible error is demonstrated by the record; and if it is not, the alternative is remand to the trial court for appointment of new counsel and a hearing. *Bossick*, in contrast, advocates immediate dismissal of the claim if, on the basis of the record, the claim may be evaluated as totally lacking in merit under any circumstances.[2] The cases then present the obverse and reverse of the same notion, that the appellate courts may deal with an ineffectiveness claim such as the instant one if it is a priori either meritorious so as to constitute reversible error or wholly devoid of legal substance.

1. An exploration of the applicability of these cases was specifically ordered in both *Serianni* and a contemporary case, *Commonwealth v. Byers*, 148 Pittsburgh 1981, J–E2002/84, which presents a similar situation by presenting on appeal the issue of counsel's self-proclaimed ineffectiveness in connection with the filing of post verdict motions. The cases were argued contemporaneously before this Court en banc.

2. Remand is still possible, in all equivocal cases, to appoint new counsel for the lower court's determination of the issue's merits, and of course a petition under the Post Conviction Hearing Act is never foreclosed as an avenue of relief where appropriate.

The majority, in support of its argument that expeditious disposal of self-proclaimed ineffectiveness claims is not served by appellate review of clearly meritless issues on the basis of the record, cites *Bossick* for the proposition that this review "does not preclude appellant from the initiation through new counsel of proceedings under the Post-Conviction Hearing Act ..." *Id.* 305 Pa.Super. at 204, 451 A.2d at 493. However, conveniently omitted from the quotation is the coda that "[appellate review] does eliminate this particular claim of ineffectiveness in any such proceeding." *Id.* Therein lies one fallacy in the majority's reasoning which we would hasten to correct. Under any set of circumstances, post-conviction relief is available, given the extraordinary circumstances required by the Act. Addressing trial counsel's claims of ineffectiveness on the basis of the record does serve judicial economy, however, in that at least those issues addressed on appeal will have been previously litigated, thus obviating their re-examination. In addition, the presumption that trial counsel would not be zealous and would ignore possible issues of ineffectiveness is belied by the multitude of claims of ineffectiveness at every stage of the proceeding by trial counsel.

There was a time when it could be assumed that trial counsel, out of pride or concern for sanctions, would assert his best effort to avoid the appellation of ineffective counsel. In recent times, since the *Fox* decision, trial counsel has absorbed the ineffectiveness ploy as one of the weapons in his arsenal of appellate tactics. We must now be alert to trial counsel's insinuating into a case such errors to circumvent the effect of *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983). If an attorney is willing to take that first humbling step to allege his own ineffectiveness, why is it presumed that he will not be zealous or diligent in asserting every aspect of that ineffectiveness. In the alternative, if he fails to assert ineffectiveness, a second lawyer must search the record and the first is called upon to defend that record as a Commonwealth witness. I fail to see how

the defendant is better served by the second approach as compared to the first.

This pragmatic approach to procedure finds an analogue in the situation presented by *Commonwealth v. McKnight*, 311 Pa.Super. 460, 457 A.2d 1272 (1983). There this Court found that it would be superfluous to grant to appellant the right to file an appeal nunc pro tunc, which would serve only to reintroduce to the appellate process the same issues fully presented in his PCHA proceeding, and already before us on the appeal therefrom. Instead, after ruling that the appellant had been denied his absolute right to appeal through ineffective assistance of counsel, we examined his other claims as if on direct appeal nunc pro tunc rather than collateral attack, and found them to be meritless—a solution responsive to both judicial economy and the rights of the accused.

In fact, the policy concern here is of precisely the same nature—the balance which must be struck between judicial economy on the one hand, and on the other the caliber of representation possible when counsel must assert a professional inadequacy in defense of his client. What becomes crucial under such circumstances is whether the issue of ineffectiveness of counsel so pervades the case as to leave *any* element unaffected by the quality of counsel's appellate advocacy or lack thereof. In specific instances contemplated by *Bossick* and *Fox*, the element which prevails over the ineffectiveness issue is the sufficiency of the record itself. Both cases, in their willingness to deal with the ineffectiveness issue on the basis of the record, effect the same provident action and where, as here, the record is clear on the points at issue, such treatment is dictated by both logic and judicial economy.

In fact, the correspondence between *Fox* and *Bossick* is underlined by our Supreme Court's recent decision in *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982). There, although the record was admittedly unclear with respect to counsel's rationale in foregoing a certain claim, it was clear enough to permit evaluation of the claim's merits,

which were ascertained to be non-existent. We too have proceeded in this manner wherever the record was sufficient to allow it. *See Commonwealth v. Long,* 310 Pa.Super. 339, 456 A.2d 641 (1983); *Commonwealth v. King,* 317 Pa.Super. 196, 463 A.2d 1152 (1983). But see *Commonwealth v. Prisznyak,* 306 Pa.Super. 137, 452 A.2d 253 (1982), wherein we found nothing in the record on which to base a decision with respect to the claim of ineffectiveness of counsel, and remanded accordingly.

The conventional wisdom in favor of remand is that the ineluctable conflict of interest generated when an advocate must argue his own or an associate's deficiencies acts as an effective diluent to the zeal he is expected to demonstrate on his client's behalf. Beyond a certain point, however, this rationale becomes disingenuous; where the record alone amply demonstrates that the issue of ineffectiveness is unarguably meritless, remand for appointment of new counsel is an exercise in futility. Indeed, even with alchemical intent the appointment of new counsel cannot transform dross into gold. Contrary to the majority's extrapolation of the *Bossick* rationale as assuming self-proclaimed ineffectiveness to arise from *overzealous* advocacy, such protestations are found suspect.

It would be further realistic to accept the proposition that while a claim by trial counsel of his own ineffectiveness can be quite a sincere plea by trial counsel whose fervor has been replaced by remorse, it can also be a contrived assertion by counsel motivated by improper ends.

*Id.* 305 Pa.Super. at 202, n. 1, 451 A.2d 492, n. 1.

Automatic remand, per *Fox,* renders a nullity all previous attempts, represented by that line of cases extending from *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979) to *Holmes, supra,* and beyond, at limiting appeals to those which have been properly introduced below. The *Bossick* reference to "improper ends" most certainly encompasses actions designed by counsel to evade the exclusions imposed by case law. The majority now offers a carte

blanche to such of the legal community as is given to the manufacture of meritless issues by the simple addition of a self-serving mea culpa. There is no reason to facilitate such abuses.

Further, rigid adherence to the general rule of *Fox* could easily lead to the actualization of "worst case scenario" decisions. An obvious example of this genre would be one in which a single question, that of insufficiency of the evidence, was excluded by trial counsel from post-trial motions, resulting in its waiver for appeal purposes.[3] Ordinarily, such a claim could be explored according to the precepts of *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) and its progeny, and appropriate results achieved immediately by this Court since the quantum of evidence necessary to support the verdict either exists within the confines of the bare record, or does not exist at all. However, if both appellate and trial counsel were, for instance, members of the same defenders' association, remand without evaluation of the underlying claim would be ordered almost reflexively. Applying a reductio formula, the theoretical train of events would then evolve as follows: after hearing and appointment of new counsel below and denial by the hearing court, the case would, predictably, be before us again, and on the *basis of the same record,*[4] the adequacy of trial counsel's representation would at last be assessed, a process which approaches the nadir of ritualistic punctilio.

To the extent that we permit the claim of ineffectiveness of counsel to be raised on appeal for the first time, or in P.C.H.A. proceedings, we have created an exception to the rule expressed by *Holmes, supra* and established a safety

---

**3.** *Byers, supra,* presents the same issue, as does *Commonwealth v. Harrison,* 275 Pa.Super. 249, 418 A.2d 706 (1980). In the first instance, trial counsel was found not to have waived the issue, and in the second, no indication is given as to whether the record is complete.

**4.** The addition of the hearing transcript would make possible an examination of counsel's rationale in foregoing the claim, a procedure necessitated only by the preliminary conclusion that the claim itself was meritorious. *Commonwealth v. Pittman,* 295 Pa.Super. 234, 441 A.2d 436 (1982).

valve to the abrogation of the doctrine of fundamental error under *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974) as it applies to criminal cases. There, Justice Roberts stated:

> Trial counsel, though he may not have claimed error at trial, is inspired after trial and an adverse verdict by the thought that an appellate court may seize upon a previously unclaimed error and afford relief on a ground not called to the trial court's attention. *Id.*, 457 Pa. at 258, 322 A.2d at 116.

While *Dilliplaine* would preclude raising such an issue for the first time on appeal, it may be raised in the context of a criminal case by alleging ineffective counsel, albeit according to the majority's interpretation of *Fox*, not by offending counsel. We would hold that it is time that *Fox* be revisited and the wisdom expressed in *Dilliplaine* and more recently by Justice Nix in *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983) be applied. "It is fundamental that a rule of law should not be applied where its application fails to serve the purpose for which it was designed." (citations omitted) *Id.*, 500 Pa. at 291, 455 A.2d 1198. The application of *Fox* and *Bossick* urged by this dissent would bring a rational rule into use which would save considerable judicial time and bring some credibility into the process.

Therefore, and in light of the above, I would hold that where appellate counsel and trial counsel are the same person or are associated, and a claim of ineffectiveness of trial counsel is articulated on appeal, remand to the trial court for appointment of trial counsel is necessary only where the record is insufficient to demonstrate on its face either the validity or the insubstantiality of the underlying claims.

Here, counsel advances the proposition that the inadequacy of his representation is evidenced by his failure to include in post-trial motions issues relating to Pa.R.Crim.P. 1100, and appellant's motion to suppress the evidence. It is insisted that no sound strategy underlay the omission which occurred through inadvertence (for which read negligence)

alone. On the contrary, there would have been no sound strategy demonstrable had counsel raised the omitted issues.

In the recent case of *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court, in addressing a claim of constitutionally inadequate representation, held that:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at ——, 104 S.Ct. at 2068; cited favorably in *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984); also cited favorably and quoted extensively in *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984).

While appellant has asserted that the issues omitted by counsel were of arguable merit because "the charges against him would have been dismissed and/or a new trial granted had he prevailed on appeal" (Appellant's brief at 8), this is insufficient to meet the "probability" requirement, itself a judgment which can be made from the bare record. We would feel no compulsion to remand for a foregone conclusion. Even the majority concludes there is no merit to appellant's claim.

Cited favorably in *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984); also cited favorably and quoted extensively in *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984).

From the record, the following facts are apparent: three continuances were granted by the court at defense counsel's request; the Commonwealth timely filed a petition for extension of time to commence trial; no objection was made to the court's adjournment sine die at the time of the third requested postponement. In addition, appellant's willingness to forego his Rule 1100 right is evidenced by both a written waiver and an on-the-record colloquy. Neither of

these indicia of appellant's acquiescence to any delay is even alluded to in his petition to dismiss on the basis of a Rule 1100 violation. Should appellant through counsel have attempted to pursue this chimerical avenue of relief, he would have received the same reply I would now give, that on the basis of the unembellished record he has raised no issue justifying reversal.

Finally, it is alleged that counsel was ineffective for having failed to preserve his motion to suppress appellant's inculpatory statement(s) and the physical evidence subsequently obtained by police. Appellant's pre-trial omnibus motion on the issue was denied after hearing. As raised therein appellant's complaint speaks severally to the legality of statements allegedly obtained in violation of his constitutional rights, to his testimonial capacity to make such statements (and incidentally his capacity to waive his constitutional rights),[5] and to the validity of the search warrant under which physical evidence was seized. These are separate issues which are governed by specific authority and may be dealt with as such on the basis of the information contained in the record.

The facts surrounding appellant's admissions, briefly stated, are that in the early afternoon of January 5, 1978 after his commission that morning of the murder of his ex-father-in-law, appellant sought out at a local cemetery Robert Snyder, a former police officer with whom appellant had previously dealt and whom appellant knew to be employed as head groundsman at the cemetery. He informed Snyder that he had committed an assault, and was told to contact the district attorney's office. Appellant then returned to his own place of work. Appellant was arrested on the afternoon of the murder, and after having been given his rights on at least three separate occasions, made both

5. Appellant was clinically diagnosed as a paranoid schizophrenic, a condition upon which expert witnesses for both the prosecution and defense agreed. It was further agreed that the condition was one of approximately twenty years duration.

formal and informal statements. On this basis, a search warrant issued and his shop and car were searched, revealing, inter alia, a gun which proved to be the murder weapon.

Firstly, our Supreme Court has held that suppression of admissions on the basis of determination of incompetency is properly made at trial rather than pre-trial pursuant to Pa.R.Crim.P. 323(a) which is germane only to evidence obtained in violation of a defendants constitutional rights. *Commonwealth v. Scarborough,* 491 Pa. 300, 421 A.2d 147 (1980); *Commonwealth v. Cunningham,* 457 Pa. 397, 322 A.2d 644 (1974). This question of testimonial capacity was resolved at the same time as the jury finding that appellant was legally sane in the preliminary proceeding held under the Mental Health Procedures Act.[6]

Secondly, the standard of review in the examination of a pre-trial suppression hearing involves acceptance only of the Commonwealth's evidence and so much of the evidence presented by the defense as remains uncontradicted. *Scarborough, supra.* The record reveals that appellant was aware that Robert Snyder worked at the cemetery, not at the police station, and made his admission of his own free will having sought Snyder out to do so. Since appellant was neither under arrest nor subject to custodial interrogation, the protections of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were not applicable. *Commonwealth v. Schoellhammer,* 308 Pa.Super. 360, 454 A.2d 576 (1982). When, finally, appellant was placed under arrest, he was properly and several times advised of his rights, at no time giving any indication of non-comprehension or hesitancy on his part or coercion on the part of

6. The standard for determining whether mental capacity existed to make statements is "whether [at the time of his admissions, the defendant's] memory, his thinking processes or his orientation to reality made it unlikely that his admissions were untrue." *Scarborough, supra,* 491 Pa. at 310 n. 5, 421 A.2d at 151, n. 5 (citations omitted). In fact, testimony elicited at trial clearly demonstrated appellant's normalcy in these respects.

police. His mental condition formed no bar to the voluntary and willing disclosure of inculpatory information. *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982). The warrant of search based on his admissions was therefore valid and the fruits of the search properly acquired.

Since the record is not susceptible to findings of ineffectiveness on the part of trial counsel in respect to the issues raised, the necessity of remand for the appointment of new counsel is obviated.

In addition, should new counsel not find a basis for an ineffectiveness claim of prior counsel, he might be tempted to manufacture one out of dross to bring finality by appellate review to endless pro se claims of ineffectiveness of prior counsel. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

"Ineffective assistance of counsel has become the last ditch ploy of defendants in criminal cases and should not be encouraged." *Commonwealth v. Strickland*, 306 Pa.Super. 516, 526, 452 A.2d 844, 849 (1982).

It is apparent that under the prescription of *Strickland v. Washington*, and *Silver, supra*, the record provides us with a sufficient demonstration that no further exploration on our part or that of the lower court is necessary to reach that which has already been arrived at: no ineffectiveness, no necessity for remand on the questions counsel has raised. Upon inspection of that same record, all doubts of the validity of the outcome of appellant's trial, minimal at the outset, dissolve into legal nothingness.

For the foregoing reasons I would affirm.

ROWLEY and McEWEN, JJ., join in this dissenting opinion.