488 A.2d 1158

**COMMONWEALTH of Pennsylvania**

v.

**James T. OSTERRITTER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1983.

Filed March 1, 1985.

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

PER CURIAM:

This is a direct appeal from the judgment of sentence imposed subsequent to appellant's guilty plea to charges of criminal attempt (rape), indecent assault and terroristic threats. Appellant contends that: (1) his guilty plea was defective and trial counsel was ineffective in failing to properly challenge it *; and (2) the sentence imposed was illegal. We do not address the merits of these issues, however, as we are compelled to remand for the appointment of new counsel.

On this appeal appellant is represented—as he was at trial—by an attorney from the Allegheny County Public Defender's Office. "When an appellant raising ineffectiveness of trial counsel is represented by appointed counsel from the same office which represented him at trial, the proper procedure is to remand to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Miller*, 473 Pa. 398, 374 A.2d 1273 (1977)." *Commonwealth v. Patrick*, 477 Pa. 284, 286–87, 383 A.2d 935, 936 (1978); *Commonwealth v. Serianni*, 337 Pa.Super. 309, 486 A.2d 1349 (1984). Since our review has not revealed reversible error apparent on the record, we must remand for the appointment of new counsel not associated with the Allegheny County Public Defender's Office, to represent appellant on the issue of trial counsel's alleged ineffectiveness and any other issue not waived. *Commonwealth v. Fox, supra; Commonwealth v. Serianni, supra.*

* Appellant maintains that his trial counsel was ineffective in not raising the grounds advanced on this appeal in his presentence motion to withdraw the plea, Pa.R.Crim.P. 320; and in neglecting to challenge the denial of that motion pursuant to Pa.R.Crim.P. 321.

The record is remanded for appointment of new counsel to represent appellant.   Jurisdiction is relinquished.