**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jose Antonio TORRES, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1998.

Filed Nov. 20, 1998.

Jose Antonio Torres, appellant, pro se.

Joseph P. Conti, Dist. Atty., Erie, for Com., appellee.

Before EAKIN, ORIE MELVIN and HESTER, JJ.

EAKIN, J.:

On May 6, 1996, represented by Russel Karl, Esquire, appellant pled guilty to receiving stolen property and firearms not to be carried without a license. He was sentenced to an aggregate term of sixteen to seventy-two months imprisonment.

On August 5, 1996, appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA) alleging various instances of plea counsel's ineffectiveness. Joseph Burt, Esquire, was appointed to represent appellant in this collateral attack; he filed an amended PCRA petition and requested permission to file an appeal *nunc pro tunc*. The trial court granted the request and reinstated appellant's direct appeal rights November 26, 1996.

On December 27, 1996, Attorney Burt filed a notice of appeal to this Court and included an appellate brief. Nevertheless, appellant filed his own brief as well, alleging plea counsel and appellate counsel were both affiliated with the Erie County public defender's office, thereby creating a conflict of interest; his brief also challenged appellate counsel's effectiveness.

Upon review, we found no constitutional right to hybrid representation, and remanded the case pursuant to *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (Pa.1993). In doing so, we directed the trial court "to evaluate appellant's claims and appoint new counsel if required." *Commonwealth v. Torres*, 706 A.2d 1259 (Pa.Super.1997) (unpublished memorandum).

The trial court reviewed appellant's claims and concluded they were devoid of merit on February 17, 1998. Specifically, the court found no conflict of interest because, although appellate counsel (Attorney Burt) is a member of the Erie County public defender's office, plea counsel (Attorney Karl) is *no longer* affiliated with that office. Trial Court Order, 2/17/98, at 1–2 (emphasis added). This appeal follows.

Appellant claims the trial court erroneously (1) failed to appoint new counsel due to a conflict of interest; and (2) failed to find appellate counsel ineffective. We do not reach appellant's second issue because we agree a conflict of interest exists.

We glean guidance from the decision in *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (Pa.1977), where our Supreme Court stated:

> A PCHA petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the same office as the allegedly ineffective attorney, regardless of the fact that one started working there after the other left. The later attorney, by reason of his association with the same office, still has an appearance of a conflict of interest threatening his duty of zealous advocacy.

*Id.*, at 1273. . *See also*, *Commonwealth v. Delker*, 306 Pa.Super. 361, 452 A.2d 766 (Pa.Super.1982).

The record suggests both attorneys who represented appellant were associated with the public defender's office at the outset of the instant case. The zealousness of advocacy from an attorney scrutinizing an associate's stewardship is clearly subject to permanent second-guessing. Further, we must be concerned not only that a particular claim raised be vigorously argued, but also that any other potential claim, which might have been overlooked by a conflicted attorney, would be raised at the same time. *Compare Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199, 200 & n. 4 (Pa.1978).

Appellate counsel, in his brief to this Court, did not raise an allegation of plea counsel's ineffectiveness; one would expect appellate counsel to attempt to punch holes in prior counsel's stewardship, in an effort to challenge the validity of the guilty plea. Whether this omission was the result of an informed decision or the product of conflicted loyalty is not for this Court to decide; it will however, be the subject of permanent debate.

This conflict extends not just to individual lawyers, but to the institution of the office. Counsel within an office may come and go, but policies and procedures tend to remain, whether written or unwritten; counsel within the office may not see a viable issue, knowing the internal "why" and "how" decisions were made. An advocate questioning from the

outside does not suffer this disadvantage of intimacy.

The presumption of a conflict by virtue of the attorneys' prior association is actual and threatening to appellant's best interests. We must therefore remand this case once more with a direction for appointment of unconflicted counsel.[1]

Case remanded, without prejudice to appellant's direct appeal rights *nunc pro tunc,* for appointment of new counsel unaffiliated with the public defender's office. Jurisdiction relinquished.

1. In reaching this decision, we note the concurring *statement* in *appellant's* prior direct appeal, wherein President Judge McEwen suggested simply remanding the case to the trial court for the appointment of new appellate counsel. *Torres,* *supra* (McEwen, P.J., concurring). While we appreciate the commendable efforts of the learned trial court to save the expense, appointing outside counsel is the only alternative in this situation.