**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Tony L. BENNETT, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 2011.
Filed March 28, 2011.
Reargument Denied May 25, 2011.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Mitchell S. Strutin, Philadelphia, for appellee.

BEFORE: MUSMANNO, FREEDBERG and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

The Commonwealth appeals the order granting Tony Bennett's petition under the Post Conviction Relief Act ("PCRA"). The issue is whether the PCRA court erred in finding trial counsel ineffective for not objecting to the jury instructions as they related to Bennett's vicarious liability for first-degree murder. We affirm the court's order.

The record reveals the following facts. Bennett and four other people were accused of robbing a jewelry store in 1990. The Commonwealth alleged that Bennett, along with an individual named Wyatt, manned the getaway car. A third individual acted as a lookout. The remaining two persons entered the store. During the robbery, one of those two fired shots that killed a store clerk.

Facing various criminal charges, two of the aforesaid persons pled guilty. Three, including Bennett and Wyatt, proceeded to trial and were convicted. The offenses for which Bennett was convicted included conspiracy, possessing instruments of crime, robbery (two counts), and first-degree murder. He was later sentenced for those convictions.

The procedural history of this case from the time of Bennett's sentencing until the present is relatively complex, *see Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007), and, as such, will not be detailed here. Suffice it to say that Bennett eventually presented to the PCRA court the claim that trial counsel was ineffective for not objecting to the jury instructions relating to vicarious liability. After a hearing, the PCRA court determined the jury had not been properly instructed that, in order to convict Bennett as an accomplice or a conspirator in first-degree murder, the jurors needed to find that he had the specific intent to kill. Also, the PCRA court found trial counsel was ineffective for not having objected to the deficient instructions. Accordingly, the PCRA court granted relief, thereby vacating Bennett's judgment of sentence and conviction and ordering a new trial on the charge of first-degree murder only. The Commonwealth then filed this appeal.

Where first-degree murder is alleged, jury instructions are erroneous if they do not clarify that, to be convicted by virtue of accomplice or conspirator liability, the accused must have had the specific intent to kill. *Commonwealth v. Wayne*, 553 Pa. 614, 720 A.2d 456, 464 (1998). Phrased somewhat differently, a charge on accomplice and/or conspirator liability that does not advise the jurors of the need to find that the defendant had the specific intent to kill improperly relieves the Commonwealth of its duty to prove every element of first-degree murder. *Commonwealth v. Huffman*, 536 Pa. 196, 638 A.2d 961, 962–63 (1994). The Pennsylvania Supreme Court has explained that such a circumstance results in an unfair trial and

* Retired Senior Judge assigned to the Superior Court.

constitutes a miscarriage of justice not to be tolerated. *Id.* at 963.

■ Counsel will be deemed ineffective if there is arguable merit to the defendant's underlying claim, if counsel had no reasonable basis for the conduct in question and if counsel's conduct prejudiced the defendant. *Commonwealth v. Cox,* 603 Pa. 223, 983 A.2d 666, 678 (2009).

Our standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error. *Id.* at 679. It is an appellant's burden to persuade us that the PCRA court erred and that relief is due. *Commonwealth v. Wrecks,* 931 A.2d 717, 722 (Pa.Super.2007).

In this case, the relevant jury instructions given by the court were as follows:

> To be guilty of conspiracy and the crimes that are the products thereof, it is not necessary for a person to join the conspiracy at its inception. Collusive behavior of the participant is sufficient to establish the necessary elements of shared criminal intent and agreement. Where two or more join in the commission of an unjustified assault which results fatally, all are guilty regardless of which one inflicts the mortal wounds. When two or more combine to commit a felony or to make an assault, and in carrying out the common purpose another is killed, the one who enters into the combination but does not personally commit the wrongful act is equally responsible for the homicide as the one who directly causes it.
>
> Co-conspirators are not relieved of liability because he [sic] is not present at the execution of the crime.
>
> Where the existence of a conspiracy is established the law imposes upon the conspirator full responsibility for the natural and probable consequences of acts committed by his fellow conspirator or conspirators, if such acts are done in pursuance of the common design or purpose of the conspiracy.
>
> Such responsibility attaches even though such conspirator was not physically present when the acts were committed by his fellow conspirator and conspirators, and extend even to a homicide which is the consequence of the natural and probable execution of the conspiracy even though such homicide is not specifically contemplated by the parties.
>
> Now, one may be legally accountable for conduct of another not only if he is a co-conspirator, but also if he is an accomplice who aids and abets the commission of a crime.
>
> Conspiracy is not synonymous with aiding and abetting. Conspiracy requires an agreement to commit a crime, plus an overt act. Aiding and abetting requires participation in the act constituting the offense.
>
> The Criminal Code provides in relevant part that a person is legally accountable for the conduct of another person when he is an accomplice of such other person in the commission of the offense.
>
> It also says that a person is an accomplice of another person in the commission of an offense if, with the intent of promoting or facilitating the commission of the offense, he aids or agrees or attempts to aid such person in planning and committing it.
>
> To aid and abet in the commission of a crime one must possess a shared intent to commit it. One is an aider and abetter in the commission of a crime if he has joined in its commission, if he was an active partner in the intent which was the crime's basic element.
>
> The degree of concert or collusion between parties to an illegal transaction means the act of one is the act of all. If

on the other hand one is only a terrified onlooker, neither his presence at the homicide nor his failure to report it will make him an accomplice and aider and abettor or co-conspirator.

N.T., 03/09/92, at 861–63.

The foregoing charge made no distinction between vicarious liability for first-degree murder and vicarious liability for other charged offenses such as robbery. The PCRA court reasoned that this charge failed to clarify that Bennett, as a non-shooter, could not be convicted of first-degree murder unless the Commonwealth proved beyond a reasonable doubt that he had the specific intent to kill. We agree. As given, the charge could likely have led jurors to conclude that Bennett, by being an accomplice and/or a conspirator in the robbery, was thereby equally responsible with the shooter for first-degree murder, even without proof that Bennett himself had the specific intent to kill.

The Commonwealth essentially contends that the foregoing jury instructions were clear enough to explain the required element of specific intent, particularly when those instructions are viewed in connection with the charge on first-degree murder which itself indicated that such a murder required the intent to kill. Asserting that the overall charge was accurate, the Commonwealth concludes Bennett suffered no prejudice from the instructions as given.

■ We are unconvinced by the Commonwealth's argument. The charge relating to accomplice and conspirator liability did not tell the jurors that they needed to find Bennett possessed the specific intent to kill before they could convict him of first-degree murder. Rather, the instructions suggested his liability could arise simply by virtue of his joint participation with the shooter in the robbery. Moreover, while the first-degree murder charge itself spoke of specific intent and while a court's charge to the jury must be evaluated as a whole, *see Commonwealth v. Montalvo,* 604 Pa. 386, 986 A.2d 84, 99 (2009), the instructions as a whole were not sufficient to make clear what the Commonwealth needed to prove concerning Bennett's particular intent. Accordingly, we find no merit in the Commonwealth's position that the PCRA court erred.[1],[2]

In summary, the Commonwealth has not convinced us the PCRA court's order was unsupported by the record or was legally erroneous. Consequently, we affirm the order.

Order affirmed.

---

1. In addition to explaining its determination that the instructions at issue were erroneous, the PCRA court noted Codefendant Wyatt previously obtained appellate PCRA relief (*i.e.,* vacation of his first-degree murder conviction) on the grounds that the instructions now at issue were faulty and that his counsel was ineffective for not objecting thereto. *See Commonwealth v. Wyatt,* 782 A.2d 1061 (Pa.Super.2001) (unpublished memorandum). Because Wyatt obtained relief in this Court, the PCRA court believed it was bound to afford relief to Bennett. As we have found the instructions improper as to Bennett and as the Commonwealth has failed to show us the PCRA court erred in finding Bennett's counsel ineffective, we need not discuss the effect of similar determinations in Wyatt's appeal.

2. The Commonwealth offers an alternative argument that, upon finding counsel ineffective, the proper remedy would be for us to vacate the first-degree conviction and convict Bennett of second-degree murder. We are not jurors and, as such, decline the Commonwealth's invitation.