J-S20028-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MARKELL SATTERFIELD | : | |
| | : | |
| Appellant | : | No. 1363 WDA 2018 |

Appeal from the PCRA Order Entered August 22, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000135-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    FILED MAY 31, 2019

James Satterfield appeals from the Order of the Court of Common Pleas of Erie County that denied his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We remand for the appointment of new counsel.

In July 2017, Satterfield pleaded guilty to Firearms Not to Be Carried Without License, Possession, and Use/Possession of Drug Paraphernalia.[1] On September 5, 2017, the trial court sentenced Satterfield to 36 to 72 months' imprisonment, consecutive to a sentence previously imposed for unrelated charges. Assistant Public Defender Brian Arrowsmith represented Satterfield at his plea and sentencing.

---

[1] 18 Pa.C.S.A. § 6106(a)(1), 35 Pa.C.S.A. § 780-113(a)(31)(i), and 35 Pa.C.S.A. § 780-113(a)(32), respectively.

In July 2018, Satterfield filed a pro se "Petition for Modification of Relief," which the trial court treated as a timely PCRA petition (hereinafter, the "PCRA Petition"). In the PCRA Petition, Satterfield requested that the court impose a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence under the RRRI Act, 61 Pa.C.S.A. §§ 4501-4512. The PCRA court appointed an Assistant Public Defender as PCRA counsel, but later rescinded that appointment order and instead appointed Attorney Arrowsmith, Satterfield's plea counsel, as PCRA counsel. Attorney Arrowsmith subsequently filed a Petition to Withdraw as Counsel and For Extension of Time for Pro Se Defendant to File an Amended/Supplemental PCRA Petition ("Petition to Withdraw as Counsel"). Attorney Arrowsmith's petition stated that Appellant's claim for RRRI eligibility was frivolous and attached a no-merit letter.[2] Attorney Arrowsmith also asserted that the order appointing him as PCRA counsel would require him to raise a claim of his own ineffectiveness, creating a conflict of interest between himself and Satterfield. Petition to Withdraw as Counsel, at ¶ 8.

On August 22, 2018, the PCRA court denied Satterfield's PCRA Petition. The court then, on September 17, 2018, denied Attorney Arrowsmith's Petition to Withdraw as Counsel. Satterfield timely appealed and filed a Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive opinion.

Satterfield has raised the following issues on appeal:

_____

[2] See Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1998) (en banc).

1. Did the PCRA court commit an error of law when it appointed the Public Defender's Office as PCRA counsel?

2. Did the sentencing court impose an illegal sentence when it failed to award credit for time served on the instant docket?

Satterfield's Br. at 7. We do not reach Satterfield's second issue because we agree that new counsel should be appointed.

We review an order denying relief under the PCRA to determine whether the record supports the PCRA court's findings and the decision is free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference if the record supports those findings. Commonwealth v. Brown, 48 A.3d 1275, 1277 (Pa.Super. 2012) (citing Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa.Super. 2010)). The appellant has the burden of convincing this Court that the PCRA court erred and that relief is due. Id. (citing Commonwealth v. Bennett, 19 A.3d 541, 543 (Pa.Super. 2011)).

Satterfield contends that it was error for the PCRA court to appoint as PCRA counsel the same assistant public defender that represented him at his plea and sentencing. Appellant's Br. at 15. Satterfield argues that by not providing independent counsel, the PCRA court essentially limited review to the issue identified by a lay petitioner and effectively denied Satterfield his right to counsel during his first PCRA petition. Id. at 17. Further, Satterfield asserts that while he identified one issue in his PCRA Petition, namely the RRRI issue, the PCRA court did not consider that new counsel, outside of the Public Defender's Office, could have independently assessed whether other claims,

including ineffectiveness of plea counsel, could have been raised in his PCRA petition. Id. at 15-16.

A PCRA petitioner who cannot afford an attorney has a right to court-appointed counsel for a first PCRA petition. See Pa.R.Crim.P. 904(C); see also Commonwealth v. Williams, 814 A.2d 739, 741-42 (Pa.Super. 2002). A petitioner "must be afforded the right to the competent assistance of counsel in his PCRA petition." Id. at 742. Generally, an attorney cannot raise a claim of his or her own ineffectiveness. Commonwealth v. Lesko, 15 A.3d 345, 360 (Pa. 2011). Nor may a public defender argue the ineffectiveness of another member of the same public defender's office, as in so doing, "'counsel, in essence, is deemed to have asserted a claim of his or her own ineffectiveness.'" Commonwealth v. Fulton, 830 A.2d 567, 571 (Pa. 2003) (quoting Commonwealth v. Green, 709 A.2d 382, 384 (Pa. 1998)).[3] In such cases, independent counsel is required "because the law will not assume that counsel will zealously develop a record of his own or his associates' inadequacies." Massie, 439 A.2d at 778. Therefore, a PCRA petitioner alleging ineffectiveness of counsel "will not be restricted to a record created by an associate of the allegedly ineffective counsel." Id.

_____

[3] See also Commonwealth v. Massie, 439 A.2d 777, 778 (Pa.Super. 1982) (stating that a "PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated" (citing Commonwealth v. Fox, 383 A.2d 199, 200 (Pa. 1978)).

In Commonwealth v. Torres, 721 A.2d 1103 (Pa.Super. 1998), the petitioner alleged that both his plea counsel and appellate counsel were affiliated with the Erie County Public Defender's Office, thereby creating a conflict of interest. Id. at 1104. The lower court found no conflict of interest because, although appellate counsel was a member of the Erie County Public Defender's Office, plea counsel was no longer affiliated with that office. Id. We disagreed. Id. at 1105. We found that, pursuant to Commonwealth v. Wright, 374 A.2d 1272 (Pa. 1977), a "[Post Conviction Hearing Act][4] petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the same office as the allegedly ineffective attorney, regardless of the fact that one started working there after the other left." Id. at 1104. We further stated:

> The record suggests both attorneys who represented appellant were associated with the public defender's office at the outset of the instant case. The zealousness of advocacy from an attorney scrutinizing an associate's stewardship is clearly subject to permanent second-guessing. Further, we must be concerned not only that a particular claim raised be vigorously argued, but also that any other potential claim, which might have been overlooked by a conflicted attorney, would be raised at the same time.
>
> Appellate counsel, in his brief to this Court, did not raise an allegation of plea counsel's ineffectiveness; one would expect appellate counsel to attempt to punch holes in prior counsel's stewardship, in an effort to challenge the validity of the guilty plea. Whether this omission was the result of an informed decision or the product of conflicted loyalty is

_____

[4] The Post Conviction Hearing Act was the predecessor to the PCRA.

not for this Court to decide; it will however, be the subject of permanent debate.

This conflict extends not just to individual lawyers, but to the institution of the office. Counsel within an office may come and go, but policies and procedures tend to remain, whether written or unwritten; counsel within the office may not see a viable issue, knowing the internal "why" and "how" decisions were made. An advocate questioning from the outside does not suffer this disadvantage of intimacy.

The presumption of a conflict by virtue of the attorneys' prior association is actual and threatening to appellant's best interests. We must therefore remand this case once more with a direction for appointment of unconflicted counsel.

Id. at 1104-1105 (citations omitted). Because of the presumption of an actual conflict, we remanded for the appointment of counsel not subject to a conflict of interest. Id. at 1105.

Here, like appellate counsel in Torres, Satterfield's appellate counsel did not raise an allegation of plea counsel's ineffectiveness. However, the second issue that appellate counsel raises on appeal – that the trial court erred by not awarding Satterfield credit for time served on the instant case – implicitly identifies a claim that Attorney Arrowsmith was ineffective for failing to raise the issue below. As we recognized in Torres, we do not know if this omission "was the result of an informed decision or the product of conflicted loyalty," since both plea counsel and appellate counsel are from the same Public Defender's Office. Id. at 1104. As in Torres, a fresh look by counsel outside the Public Defender's Office is necessary, and we therefore remand

- 6 -

for the appointment of counsel not affiliated with the Public Defender's Office, with leave to file an amended PCRA petition.

Order denying PCRA Petition vacated. Case remanded for appointment of new counsel unaffiliated with the Public Defender's office within 14 days of remand, with leave for new counsel to file an amended PCRA Petition within 60 days after appointment. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019