420 A.2d 438

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Foster Lee TARVER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 19, 1980.

Decided Sept. 22, 1980.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, First Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, JR., LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

On June 2, 1969, the appellant, Foster Lee Tarver, pleaded guilty to murder generally in Dauphin County. After an evidentiary hearing, he was adjudged guilty of murder of the first degree and sentenced to life imprisonment. A direct appeal was taken to this Court and we affirmed. *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759 (1971).

In June, 1974, appellant filed a petition under the Post Conviction Hearing Act (PCHA),[1] challenging, *inter alia*, the validity of his guilty plea. The PCHA Court ruled that the plea issue was waived since it had not been raised on direct appeal. The remaining claims were held to be without merit and the petition was dismissed without a hearing on July 18, 1974. We affirmed. *Commonwealth v. Tarver*, 468 Pa. 423, 364 A.2d 266 (1976). A second PCHA petition was filed in August, 1979 and denied on October 10, 1979 without a hearing. This appeal followed.[2]

Appellant contends only that his prior counsel were ineffective for failing to challenge properly the validity of his guilty plea. We do not agree.

[1]. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Pamph. 1979–80).

[2]. Jurisdiction is vested in this Court by the Judicial Code, Act of April 28, 1978, P.L. 202, No. 53, § 10(4), 42 Pa.C.S.A. § 722(1).

It is well–settled that counsel may not be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). As we stated in the original appeal:

That Tarver's plea of guilty was entered voluntarily, knowingly and intelligently is not questioned. *Nor could such a claim be made with any semblance of merit*, since the record of the plea proceedings demonstrates that before accepting the plea, the trial court questioned Tarver personally very carefully and thoroughly to make sure and to establish beyond doubt that the plea of guilty was Tarver's own free act, and that he fully understood the impact and consequences thereof ... *Commonwealth v. Tarver*, supra, 446 Pa. at 237, 284 A.2d at 761. (Emphasis supplied)

In short, counsel simply and properly chose not to pursue the appeal of a meritless issue.

Order affirmed.

ROBERTS and FLAHERTY, JJ., concur in the result.