J-S64018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAYDEN MARSHALL, | |
| Appellant | No. 329 WDA 2014 |

Appeal from the PCRA Order Entered January 29, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000522-2005
CP-02-CR-0005039-2005

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 10, 2014**

Appellant, Hayden Marshall, appeals from the court's January 29, 2014 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546.  We affirm.

Our Court previously summarized the facts and procedural history of this case on direct appeal, as follows:

> The events giving rise to this appeal occurred during the early morning hours of December 5, 2004, when victims Maury Budd and Anthony Reeves were shot while sitting in Reeves' vehicle parked on Hamilton Avenue in the Homewood section of Pittsburgh. Although Budd recovered from his injuries, Reeves died later that morning. There were no eyewitnesses to the shooting, but Budd noticed a light colored Ford Bronco pull up across the street from Reeves' vehicle just prior to the shooting. Budd also heard screeching tires after the shooting. The police responded quickly and observed a light colored Bronco traveling at a high rate of speed a short distance from the site of the shooting. Several police units pursued the Bronco into the

borough of Wilkinsburg, where the vehicle eventually came to a stop and the occupants, two African American males, fled. During the pursuit, the driver, later identified as [A]ppellant, discarded a camouflage jacket. Both the driver and passenger, later identified as co-defendant, Jesse William Thornton, eluded the police. The police recovered [A]ppellant's latent fingerprints from above the exterior driver's side door handle of the Bronco, and on one of three cell phones found in the pocket of the camouflage jacket. It was later determined that the Bronco belonged to codefendant Thornton's father.

Prior to trial, the police recorded a statement from Tomorra Williams, a friend of [A]ppellant[], who implicated [A]ppellant in the shooting. She told police that [A]ppellant had previously given her a gun to hide in her home, but that he and Thornton retrieved the gun on the night of the shooting and left her house in a light colored Bronco. She also stated that at approximately 3:00 a.m. she found both [A]ppellant and Thornton climbing through a window in her house. One of them told her that they had committed a murder. Her statement was corroborated in substantial measure by the testimony of Commonwealth witness, Devon Duell, who was present at Williams' home on the day of the shooting.

At trial, however, Ms. Williams changed her testimony, stating that Thornton had given the gun to her a month prior to the shooting. She further testified that she was at an after hours club in the early morning hours of December 5, 2004, and that she saw [A]ppellant at the club. Although she acknowledged that he had shown up at her house later that morning, she denied that he was nervous or that he had said he had shot someone. Finally, she claimed that she had told the police what they wanted to hear because they had threatened to arrest her and take her children from her.

Neither [A]ppellant nor Thornton testified at trial. Appellant, however, presented the testimony of an alibi witness, Anthony Lee, who claimed that he was with [A]ppellant from the evening of December 4, 2004, until about 5:00 a.m. on the morning of December 5, 2004.[2]

Following a six day consolidated jury trial, [A]ppellant was found guilty of murder of the first degree, attempted murder of the first degree, aggravated assault, possession of an instrument of crime, fleeing or attempting to elude a police officer, and

criminal conspiracy. The trial court granted a judgment of acquittal as to a firearms charge. On January 30, 2008, [A]ppellant was sentenced to a term of life imprisonment for the murder conviction and a concurrent aggregate term of imprisonment of [] fifteen … to thirty years for the remaining convictions.

_____

[2] It bears mention that Mr. Lee disclosed the fact that he was a putative alibi witness for [A]ppellant only after he was approached by [A]ppellant's counsel.

*Commonwealth v. Marshall*, No. 457 WDA 2008, unpublished memorandum at 1-4 (Pa. Super. filed February 23, 2010).

Appellant filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Marshall*, 996 A.2d 10 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 8 A.3d 898 (Pa. 2010). On October 18, 2011, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and an amended petition was filed on Appellant's behalf. Therein, Appellant argued that his appellate counsel was ineffective for not challenging the sufficiency of the evidence on appeal. He also contended that his constitutional right to be tried by an impartial jury was violated based on the following facts:

[Appellant] alleges that during a recess in his trial he was apprised of information that Juror #3 on his jury had extrajudicial conversations with another county prisoner en route to the bullpen in the Courthouse. According to [Appellant], Juror #3 discussed the status of his case with this unknown inmate, and [Appellant] alleges that he discovered Juror #3 lived in the vicinity of where the killing he was tried for took place. [Appellant] alleges that he brought this information to the

attention of [his trial counsel], however, [his counsel] failed to do anything with the information.

Amended PCRA Petition, 11/1/13, at 8-9.

On November 14, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court reasoned that Appellant's ineffectiveness claim was meritless because "[t]he underlying claim, that the evidence was not sufficient to support the verdict, is wholly without merit, and counsel could not have [been] ineffective for [not] pursuing a frivolous claim on appeal." Notice of Intent to Dismiss, 11/14/13, at 1. In regard to Appellant's remaining claim, the court stated:

> [Appellant's] claim that he did not receive a fair trial by an impartial jury based upon some alleged communication between juror number 3 and another county prisoner will be dismissed because [Appellant] has not provided any documentary proof that such a communication occurred, has not identified the prisoner who allegedly had communication with this juror, and has not set forth with any specificity what was allegedly said. It is [Appellant's] obligation in a [PCRA] Petition to either point to the place in the record where there is factual support for his allegations or to supply documentary or other evidence in support of it. [Appellant] has done neither[.]

*Id.*

On November 26, 2013, Appellant filed a response to the court's Rule 907 notice, purportedly amending his claim regarding Juror #3. Specifically, Appellant stated that his argument "concerns a potential connection or familiarity between Juror #3 and the decedent, Anthony Reeves, because there is reason to believe both lived in the North Side of Pittsburgh, thus

- 4 -

making Juror #3 likely biased against [Appellant]." Response to 907 Notice, 11/26/13, at 2 (unnumbered). Appellant further alleged:

> Though, to date, [Appellant] has still been unable to provide specific information as to how he acquired information that Juror #3 was a biased juror (*e.g.*, his sources' names who knew of Juror #3), this highlights the exceptional need for limited discovery so [Appellant] may make out a more specific PCRA petition. At this point, [Appellant] cannot recall the names of the prisoners he met in the bullpen during his trial who provided the information about Juror #3, so he must necessarily inspect inmate transfer logs and jail records to proceed properly.

*Id.*

The PCRA court issued an order on January 29, 2014, denying Appellant's petition for the reasons set forth in its Rule 907 notice. Appellant filed a timely notice of appeal and raises the following two issues for our review:

> I. Post-conviction discovery is permissible upon a showing of "exceptional circumstances." Appellant complains that he was denied a fair trial by an impartial jury. Did the lower court abuse its discretion in refusing Appellant limited discovery to support his constitutional claim of error?
>
> II. Post-conviction claims may be dismissed without a hearing if there are no genuine issues of material fact, there is no entitlement to relief under the PCRA, and no purpose would be served by any further proceedings. Where Appellant raised factual issues that presented colorable claims, which the Commonwealth never disputed, did the lower court err in summarily dismissing Appellant's post-conviction claims?

Appellant's Brief at 4.

We begin by noting that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination

of the court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. ***Commonwealth v. Touw***, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In Appellant's first issue, he argues that the PCRA court abused its discretion in denying his request for 'limited discovery' to further develop his claim that Juror #3 was biased. Appellant claims that "post-conviction discovery is permitted under 'exceptional circumstances'" pursuant to Pa.R.Crim.P. 902(E)(1) ("Except as provided in paragraph (E)(2) [(regarding death penalty cases)], no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances."). Appellant's Brief at 13. Appellant argues that 'exceptional circumstances' were present in this case because Appellant met a "nameless defendant" while his trial was underway who informed Appellant that he "was acquainted with Juror [#] 3" and who shared with Appellant "information about Juror [#] 3's personal connection with [Appellant's] case." Appellant's Brief at 14. Appellant does not detail what *specific* information this 'nameless defendant' shared with him.

Appellant's claim that the PCRA court abused its discretion fails for several reasons. First, because Appellant did not state in his amended petition or response to the PCRA court's Rule 907 notice (or even in the instant appeal) precisely what information he received about Juror #3's connection with this case, his request for discovery appears to be a mere fishing expedition. Therefore, the PCRA court did not err in concluding that Appellant did not proffer 'exceptional circumstances' warranting post-conviction discovery.

Moreover, even if the PCRA court had granted Appellant's discovery request, and Appellant was able to establish that Juror #3 was biased, Appellant has still failed to prove that he is entitled to PCRA relief in this regard. To be eligible for post-conviction relief, the petitioner must "plead and prove by a preponderance of the evidence" that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). The statute further declares that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). Here, Appellant does not explain why he could not have asserted Juror #3's purported bias, and the alleged violation of his constitutional rights, before this Court on direct appeal. Therefore, the PCRA court's denial of Appellant's request for 'limited discovery' to further develop this otherwise waived issue was not an abuse of discretion.

Similarly, we also ascertain no abuse of discretion in the PCRA court's decision to deny, without a hearing, Appellant's assertion that his appellate counsel was ineffective for not challenging the sufficiency of the evidence to support Appellant's convictions. In his amended petition, Appellant acknowledged that appellate counsel did not raise a sufficiency challenge because "she believed it to have little chance for success." Amended PCRA Petition, 11/1/13, at 10. However, Appellant maintained that this decision was error because, "to the extent there was any chance for success, failure to raise the issue deprived [Appellant] of his right to have the [S]uperior [C]ourt pass upon the issue." *Id.* On appeal, Appellant reiterates this argument, and also asserts that the PCRA court was required to hold an evidentiary hearing because "[t]he Commonwealth never filed an answer to dispute [Appellant's] claim of error" regarding appellate counsel's alleged ineffectiveness. Appellant's Brief at 16. Appellant maintains that "[t]herefore, without dispute, [he] raised a colorable claim for relief that implicated material facts warranting a hearing under Pennsylvania Rule of Criminal Procedure 907." *Id.*

We disagree that the PCRA court erred by not conducting a hearing in this case.

> [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). Additionally, "[i]t is well-established that counsel may not be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Tarver*, 420 A.2d 438, 438 (Pa. 1980).

In Appellant's amended PCRA petition, he made no attempt to argue *how* the evidence was insufficient to support his convictions.[1] In other words, while Appellant claimed that appellate counsel was ineffective for not challenging the sufficiency of the evidence because there was a *chance* this Court would find such a challenge meritorious, he does not explain any basis on which we might have reached such a conclusion. Accordingly, Appellant failed to raise "a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or [show] that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Paddy*, 15 A.3d 431, 467 (Pa. 2011).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014

---

[1] Appellant also presents no such discussion in his brief to this Court.