J-S03040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD LOWE BAKER, JR. | : | |
| | : | |
| Appellant | : | No. 911 WDA 2021 |

Appeal from the PCRA Order Entered June 29, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001284-2016

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: MARCH 10, 2022**

Edward Lowe Baker, Jr. (Baker) appeals from the June 29, 2021 order of the Court of Common Pleas of Beaver County (PCRA court) dismissing his petition pursuant to the Post-Conviction Relief Act.[1] We affirm.

We have previously summarized the facts of this case as follows:

[Baker's] former girlfriend, Addaleigh Huzyak ("the Victim") ended their six-month relationship in late May of 2016. Late in the evening on June 5, 2016, [Baker] entered the Victim's apartment and waited for her to come home from her shift at work, which ended at 11:00 p.m. When the Victim arrived home, she was annoyed to see [Baker] and said she was going to call for help. [Baker] shot her in the face to disable her, slit her throat twice, fatally shot her in the back of the head, and then had sexual intercourse with her. [Baker] escaped through a window.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

Authorities apprehended [Baker] in Winchester, Kentucky, on June 7, 2016. Pennsylvania State Troopers Jason Domenick and Christopher Birckbichler proceeded to Winchester that day and interviewed [Baker] in the Winchester Police Station. Prior to the interview, Trooper Birckbichler discussed with [Baker] his **Miranda**[2] rights, and [Baker] completed a waiver form. During the interview, [Baker] confessed to killing the Victim. [Baker] was extradited to Pennsylvania the next day. Prior to trial, [Baker] filed a motion to suppress his confession and a petition for writ of *habeas corpus*, which the trial court denied.

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

**Commonwealth v. Baker**, 201 A.3d 791, 794–95 (Pa. Super. 2018) (citations omitted), *allocator denied*, 215 A.3d 963 (Pa. June 19, 2019). Baker was convicted of first-, second- and third-degree murder, rape, burglary and criminal trespass.[2] He was sentenced to an aggregate term of life imprisonment with a consecutive period of ten to twenty years' incarceration.

On direct appeal, Baker challenged the sufficiency and weight of the evidence to support his convictions and the denial of his motion to suppress his confession. He argued that his confession was involuntary because the Pennsylvania State Troopers who interviewed him in Kentucky did not inform him that his family had retained counsel on his behalf. Trial counsel had told the troopers that Baker should not be interviewed without counsel present. **Id.** at 801-02. Relying on **Moran v. Burbine**, 475 U.S. 412 (1986), we concluded that Baker's waiver of his **Miranda** rights and subsequent

---

[2] 18 Pa.C.S. §§ 2502(a)-(c), 3121(a)(1), 3502(a)(2) & 3503(a)(1)(i).

confession were knowing and voluntary. *Id.* We affirmed his judgment of sentence and our Supreme Court denied further review.

Baker filed the instant timely petition on March 6, 2020, arguing that trial counsel was ineffective for failing to seek suppression on the basis that he had invoked his right to counsel before he gave his videotaped confession. He averred that after his arrest, he was interviewed by a pretrial services employee who asked him if he wanted an attorney. He responded that he did. Baker alleged that the troopers who interviewed him were aware that he had spoken with this woman but sought a *Miranda* waiver and interrogated him regardless. He contended that his confession would have been suppressed if trial counsel had raised this issue.

The PCRA court appointed counsel who subsequently filed a petition to withdraw and a *Turner*/*Finley*[3] no-merit letter. Counsel concluded that Baker was not entitled to relief because his claim had been previously litigated, as trial counsel had challenged the voluntariness of Baker's *Miranda* waiver in the trial and appellate proceedings. The PCRA court issued a notice of intent to dismiss the petition without a hearing. Baker filed a *pro se* response arguing that the issue raised in his petition was distinct from the suppression claim trial counsel had litigated.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court subsequently issued an order and opinion dismissing the petition and granting PCRA counsel's petition to withdraw. It held the claim had no arguable merit and that trial counsel had a reasonable basis pursuing alternate grounds for suppression. Baker timely appealed. The PCRA court did not order him to file a concise statement pursuant to Pa. R.A.P. 1925(b), but issued a brief statement referring to its opinion and order as the basis for dismissing the petition.

Baker raises two issues on appeal: whether trial counsel was ineffective for failing to argue that he validly invoked his right to counsel during his pretrial services interview and whether the PCRA court erred in dismissing his petition without a hearing.[4] He argues that after he invoked his right to counsel when speaking to the pretrial services employee, the troopers were prohibited from interrogating him under *Edwards v. Arizona*, 451 U.S. 477 (1981). As his issues are related, we address them together.

---

[4] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

Initially, the Commonwealth argues that Baker is not entitled to relief because his suppression claim was previously litigated. **See** 42 Pa.C.S. § 9543(a)(3) (stating that to be eligible for PCRA relief, a petitioner must plead and prove that "the allegation of error has not been previously litigated or waived"). We disagree. A claim is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). "Whether an issue was previously litigated turns on whether [the issue] constitutes a discrete legal ground or merely an alternative theory in support of the same underlying issue that was raised on direct appeal." **Commonwealth v. Small**, 980 A.2d 549, 569 (Pa. 2009) (cleaned up).

Baker argued in the trial and appellate proceedings that his confession was involuntary because trial counsel had told the troopers not to interview him without counsel present. Here, he argues that he personally invoked his right to counsel before his confession, independent of his attorney's instructions to the troopers. This is not merely a different theory in support of the same issue, but rather a discrete basis for relief. **Small**, **supra**. Neither the trial court nor this Court has addressed whether Baker invoked his right to counsel; we only passed on whether trial counsel's actions outside of Baker's knowledge rendered his waiver involuntary. Accordingly, the instant issue has not been previously litigated and we proceed to consider the merits.

"[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. *Commonwealth v. Tarver*, 420 A.2d 438, 438 (Pa. 1980). Finally, we presume that counsel has rendered effective assistance. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015).

Baker argues that trial counsel was ineffective for failing to assert that his confession should be suppressed under the *Miranda*-*Edwards* line of cases because he invoked his right to counsel during his bail interview. The United States Supreme Court has explained:

> In [*Miranda*], we established a number of prophylactic rights designed to counteract the "inherently compelling pressures" of custodial interrogation, including the right to have counsel present. *Miranda* did not hold, however, that those rights could not be waived. On the contrary, the opinion recognized that statements elicited during custodial interrogation would be admissible if the prosecution could establish that the suspect "knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."

> In [*Edwards*], we established a second layer of prophylaxis for the *Miranda* right to counsel: Once a suspect asserts the right, not only must the current interrogation cease, but he may not be approached for further interrogation "until counsel has been made available to him,"—which means, we have most recently held, that counsel must be present, *Minnick v. Mississippi*, 498 U.S. 146 [] (1990). If the police do subsequently initiate an encounter in the absence of counsel (assuming there has been no break in custody), the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even

where the suspect executes a waiver and his statements would be considered voluntary under traditional standards.

*McNeil v. Wisconsin*, 501 U.S. 171, 176–77 (1991) (cleaned up). A suspect must invoke his right to counsel unambiguously to end an interrogation. *Commonwealth v. Frein*, 206 A.3d 1049, 1065 (Pa. 2019).

Baker is entitled to no relief. As the PCRA court noted, the protections of *Miranda* and *Edwards* apply to a suspect who is subject to custodial interrogation. Here, Baker asserts that he informed a pretrial services employee that he wanted an attorney during a bail interview following his arrest. While he was undisputedly in custody, our Supreme Court has held that bail interviews and other routine booking questions are not "interrogation" for the purposes of *Miranda*. *Commonwealth v. Daniels*, 644 A.2d 1175, 1181 (Pa. 1994) ("[I]nformation obtained via routine questions designed to secure biographical data necessary to complete booking or pre-trial services is exempt from *Miranda*'s coverage."). At his suppression hearing, Baker testified that in addition to asking if he needed an attorney, the employee asked him for biographical data such as his Social Security number, address and father's name. N.T., 10/21/16, at 74-75. He confirmed that this interview was related to his bail conditions. *Id.* He did not testify, and there is no indication in the record, that the employee asked him any questions regarding his offenses or designed to elicit a confession.

Pursuant to *Daniels*, this interview was not an interrogation and Baker's rights under *Miranda* and *Edwards* were not implicated. Accordingly, trial

- 7 -

counsel was not ineffective for failing to argue that Baker invoked his right to counsel during this interview. His Fifth Amendment right to counsel attached when he was later subjected to custodial interrogation by the troopers, and we previously determined that Baker knowingly and voluntarily waived his right to counsel at that time. **Baker**, **supra**. Additionally, as there are no genuine issues of material fact, the PCRA court did not err in dismissing the petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2021