J-S14014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUSTINA MARIE ROBISON | : | |
| | : | |
| Appellant | : | No. 1183 WDA 2021 |

Appeal from the PCRA Order Entered September 10, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003118-2019

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: AUGUST 25, 2022**

Justina Marie Robison appeals the denial of her request for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. She alleges that the court erred in denying her PCRA petition and concluding that her guilty plea was valid. We affirm.

On July 9, 2020, Robison pled guilty to aggravated cruelty to animal.[1] The court conducted her guilty plea hearing via two-way, simultaneous audio-visual communication. Robison signed a form agreeing to waive her right to be present in the courtroom. **See** Pa.R.Crim.P 119 Waiver, dated 7/7/20. At the hearing, the Commonwealth and the court reviewed with Robison another form, the "Defendant's Statement of Understanding of Rights Prior to a Guilty

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5534(a)(1).

Plea," as well as the charge and facts to which Robison agreed to plead guilty. *See* N.T., Plea, 7/9/20, at 3-11. The court also asked Robison if she was under the influence of any medication that would affect her ability to understand. *Id.* at 12. Robison stated that she was taking psychiatric drugs but said that she was "clear minded enough to understand exactly" what she was doing and doing so voluntarily. *Id.* While answering the Commonwealth's questions regarding the colloquy, Robison stated that she was struggling to keep up but that she understood what was being said. *Id.* at 6. She stated, "I understand it, it's just I have a learning disability, it's kind of hard to grasp some of this." *Id.* As the Commonwealth continued to review the colloquy, Robison affirmed that she understood.

During the court's review of the facts, it became apparent that Robison misunderstood the facts to which she was pleading. The court and counsel reviewed and clarified the facts to ensure that Robison understood and agreed with the facts that the Commonwealth alleged. *Id.* at 15-19. After a thorough back-and-forth between the court and counsel, Robison agreed with the facts presented by the Commonwealth as part of her plea agreement. *Id.* at 19. Later, the court, by a different judge, sentenced Robison to nine to 23 months' incarceration followed by five years' reporting probation. Robison did not file a direct appeal.

On March 5, 2021, Robison filed the instant *pro se* PCRA petition, her first, claiming a constitutional violation, an unlawfully induced guilty plea, ineffective assistance of counsel, and new exculpatory evidence. *See Pro Se*

PCRA Petition, filed 3/5/21, at ¶ 6. Relevant to this appeal, Robison alleged that she was not competent to take a plea bargain because "there is evidence that I was not sane when accused of the crime." *Id.* at ¶ 7. The court appointed counsel who filed a supplemental PCRA petition. The supplemental petition alleged that Robison had been diagnosed with major depressive disorder, borderline personality disorder, and post-traumatic stress disorder. It also asserted that she had an "average to below average intelligence." *See* Supplemental PCRA, filed 7/27/21, at 2. The petition stated that Robison "professes to having been determined to have a learning disability from an early age and she raised this during the course of the plea proceeding at issue." *Id.*

Robison argued that although there was evidence during the plea colloquy that Robison understood, there were "other indicia that she did not comprehend the character and consequences of her entry of a guilty plea." *Id.* at 3. She noted that at times she had told the court that she did not understand, prompting the court and the Commonwealth to reiterate what was said. *Id.* She maintained that although she had affirmed her understanding during the colloquy, "it is not wholly evident or convincing that she bore the mental competence to engage in the entry of a guilty plea." *Id.* She also maintained that because the plea hearing was held via videoconferencing, it impaired the court's ability to "effectively gauge" Robison's comprehension. *Id.* at 4. She argued that it would be speculation to assume Robison's competency. *Id.* She also claimed that plea counsel was

- 3 -

ineffective for not asking the court for a competency evaluation and hearing before the plea. *Id.* at 5. For the foregoing reasons, counsel argued that the court should allow Robison to withdraw her guilty plea and conduct a competency evaluation and hearing before resolving the case. *Id.*

The court issued a notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. *See* Pa.R.Crim.P. 907(1); Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907, filed 8/17/21. The court pointed out that a lengthy colloquy was completed "because [Robison] has a learning disability and requested proceedings be slowed to allow her the opportunity to process the questions presented." *See* Notice, at 5 (citing N.T., Plea, at 6). The court stated that defense counsel also asked clarifying questions of Robison to ensure she understood the contents of her plea. *Id.* (citing N.T., Plea, at 19-20). As to her claim of ineffective assistance of counsel, the court concluded that Robison failed to show prejudice or "point to any performance of counsel which questions the reliability of the manner in which guilt was determined." *Id.* at 6. Robison did not respond to the court's notice. The court denied Robison's petition and this timely appeal followed. *See* Order, filed 9/10/21.

Robison raises the following issue:

> Whether the lower court erred in failing to grant collateral relief in the form of the striking of [Robison's] guilty pleas in that she lacked the capacity to enter a valid plea given her significant and long-standing history of mental illness and a learning disability and the failure to compel a

competency hearing precatory to her entry of the guilty pleas?

Robison's Br. at 2.

We review the denial of PCRA relief by determining whether the court committed legal error and if its factual findings are supported by the record. **See Commonwealth v. Williams**, 244 A.3d 1281, 1286-87 (Pa.Super. 2021).

Here, Robison argues that the court erred in denying her PCRA petition because her guilty plea was invalid since she was not competent to enter the plea. She also argues that her plea was the result of the ineffective assistance of counsel.

Robison's argument is underdeveloped. An appellant must support each argument in the appellate brief with "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Furthermore, when there are references to the record, the argument must make "reference to the place in the record where the matter referred to appears." **Id.** at 2119(c). A failure to do either may result in a waiver of the issue. **See Commonwealth v. Williams**, 959 A.2d 1252, 1258; **Commonwealth v. Einhorn**, 911 A.2d 960, 970-71 (Pa.Super. 2006) (finding waiver where appellant failed to provide citation to the record or supporting authority).

Robison's brief is devoid of citations to the record and her supporting authority consists of one cite to a single U.S. Supreme Court case. While we could find waiver, we decline to do so because we believe that we understand

her arguments and that our review is not hampered. To the extent we have misunderstood Robison's arguments, or not located a piece of evidence in the record or a precedent Robison believes entitles her to relief, she has waived her argument due to her failure to cite the evidence or precedent in her appellate brief.

"Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa.Super. 2008) (citation omitted). "A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled." **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa.Super. 2001) (citation omitted).

Robison's claim that she is entitled to PCRA relief because she was incompetent at the time she entered her plea lacks merit. Despite her learning disability and mental health challenges, Robison told the court that she understood. Indeed, because of her disability, the court, the prosecutor, and defense counsel took extra time explaining all aspects of her plea and adhered to Robison's request to slow the pace of questioning. Robison affirmed on multiple occasions that she understood what was being explained and when she did not understand, she asked for further clarification. Granting Robison relief would require us to disregard her statements during the colloquy, which we may not do. **See McCauley**, 797 A.2d at 922. Moreover, counsel was not ineffective for not seeking a competency hearing where nothing at the hearing

- 6 -

suggested that such was required. ***Commonwealth v. Tarver***, 420 A.2d 438, 438 (Pa. 1980) (stating counsel cannot be found ineffective for failing to raise meritless claim). Therefore, we affirm the order of the court denying her PCRA petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2022